## ATKINS v. WOMELDORF.

1. **Landlord and Tenant:** GROWING CROPS: RENT. A creditor of a tenant who is cultivating land upon shares cannot by a levy of an attachment upon the growing crop of the tenant deprive the landlord of his interest therein when mature.

2. ——: ——: ——. In an action of replevin by a landlord to recover corn levied upon as the property of his tenant, where the lease provided that it should terminate upon failure of the tenant to fulfill its conditions, and there was evidence tending to show that the tenant had left the farm, which was in possession of the landlord, it was held that the question as to whether the tenant had abandoned the farm, or was only absent temporarily, should have been submitted to the jury.

3. **Attachment:** AMENDMENT OF WRIT. Under section 3021 of the Code, a writ of attachment may be amended after levy.

*Appeal from Winneshiek District Court.*

THURSDAY, MARCH 18.

THIS is an action of replevin brought against the defendant who is sheriff, to recover certain corn which he seized upon an attachment as the property of J. C. Atkins, plaintiff's son.

The corn was planted and cultivated by J. C. Atkins, upon the farm of the plaintiff, and the levy was made in September, while the corn was standing and growing in the field. There was a trial by jury, a verdict and judgment for the defendant, and plaintiff appeals.

*Willett & Willett*, for appellant.

*E. E. Cooley*, for appellee.

ROTHROCK, J.—I. The plaintiff introduced in evidence a written contract between himself and J. C. Atkins, of which the following is a copy:

"Lease from J. T. Atkins to J. C. Atkins for his farm of Sec. 12, town 97, range 7, w., on Washington Prairie, Winneshiek county: The said J. T. Atkins agrees to deliver one-third of all crops sowed and planted on said farm, and cultivated and harvested by the said J. C. Atkins, to the said J. C. Atkins, less the amount of seed wheat and oats had of Joel Pagin for seeding, and this shall be the equivalent for the one-third of crops raised on said farm last year (1874) and taken and used by J. C. Atkins for his own use, and none had by J. T. Atkins. All hay cut by J. C. Atkins and put up, the said J. T. Atkins will also deliver one-third also to J. C. Atkins for his work. And what grass the said J. C. Atkins cannot cut, he is to let the said J. T. Atkins know in time to hire men to cut and put up the said hay, and the said J. C. Atkins is to board the men at a reasonable price for the said J. T. Atkins, and the said J. C. Atkins is to take proper care of the stock on the farm belonging to the said J. T. Atkins, and salt the same, salt being furnished by J. T. Atkins.

"This lease is for the year 1875. Signed by both parties.

J. T. ATKINS.<br>J. C. ATKINS.

"This lease to be continued from year to year, by agreement after the above signing, and to terminate when the said J. C.

Atkins does not fulfill. And the said J. T. Atkins shall, when he thinks proper, take possession and have all the increase of said stock—for his outlay in anything on the farm."

The crop of corn in controversy was raised in the year 1877, and the attachment was levied on the twenty-seventh day of September of that year. At the time of the levy the plaintiff was present and gave notice to the sheriff to the effect that the corn was his property.

The plaintiff requested the court to instruct the jury that the written contract was not a lease of the land, and that the right of possession and title to the crops raised on the farm were in the plaintiff, until he should set apart to J. C. Atkins the one-third of the crops. The court refused to so instruct the jury, and on its own motion gave the following among other instructions:

" 4th. The legal effect of the written lease read to you is to transfer to the said J. C. Atkins the right of possession to at least so much of the farm as was cultivated and harvested by him, in crops, and if you find, from the evidence, that said J. C. Atkins actually lived on the farm, and cultivated and raised the corn in question, then the corn belonged to him, and unless, before levy by the sheriff, there had been an actual division of the corn between plaintiff and J. C. Atkins, and the share of each set apart, then your verdict must be for defendant."

We think the court correctly construed the instrument to be a lease. It was either a lease of the land or a contract of employment; that it was not the latter is evident from its terms. It confers upon J. C. Atkins the right to enter upon the land and plant, cultivate and harvest crops upon shares. But we think the instruction is erroneous in holding that unless there had been a division of the corn between the plaintiff and J. C. Atkins before the levy, there should be a verdict for the defendant. It is true that where the crop is grown by a tenant upon the shares, the right of property as between him and his landlord, is in the

1. LANDLORD and tenant: growing crops : rent.

tenant until a division of the crops takes place. *Rees v. Baker*, 4 G. Greene, 461; *Townsend v. Isenberger*, 45 Iowa, 670. It is the property of the tenant in the sense that the landlord may not enter upon the premises and take possession of the crops without the consent of the tenant. But it does not follow that a creditor of the tenant may seize the whole crop by execution or attachment, and dispose of the same regardless of the landlord's claims for rent. In *Townsend v. Isenberger*, *supra*, it was held that, as between the landlord and a purchaser of the land at judicial sale, rent reserved and not accrued, passes with a conveyance to the purchaser. But that is an entirely different question from the one under consideration. If we were to hold that a creditor of the tenant may seize and appropriate a whole crop, to the exclusion of the landlord, the landlord's lien provided for in sections 2017 and 2018 of the Code, would be of little benefit to him.

II. The lease provides that it is " to terminate when the said J. C. Atkins does not fulfill." There was evidence tending to show that J. C. Atkins left the farm some time before the levy was made, and that the plaintiff thereupon took possession, and was in the exclusive possession at the time of the levy. The question as to whether J. C. Atkins abandoned the farm, and thus failed to fulfill his contract, or whether he was merely temporarily absent, should have been submitted to the jury in some such form as requested in the third instruction asked by the plaintiff. If the plaintiff was in possession of the crop as owner, by virtue of the lease as landlord, holding the same for the rent due him, he could maintain replevin for that part which he owned as against an attaching creditor of the tenant.

2. —: —: —.

III. It is urged by the appellant that the levy of the attachment was void because at the time of the levy the sum claimed by the plaintiff in the attachment proceeding was omitted from the writ. But the writ was afterwards amended by order of the court

3. ATTACHMENT: amendment of writ.

by inserting the proper sum therein. That such amendment may be made, see Code, § 3021, which expressly authorizes an amendment of the writ. In this respect it differs from section 3242 of the Revision.

For the errors above pointed out the cause will be reversed and remanded for a new trial.

REVERSED.