SESTERHEN v. SESTERHEN ET AL.

1. **Divorce:** CRUELTY: CONDONATION. Upon consideration of the evidence in this cause, *held* that the facts established thereby constituted legal cruelty, for which a divorce was properly granted, and that the defense of condonation was not established by the evidence.

2. **Alimony:** NOT EXCESSIVE. Where defendant had a homestead worth $2,000, and other land worth $2,600, and personal property worth $1,000, and was not in debt, and there were no children, and most of the property came either from the plaintiff or from the joint labor of both, a decree giving to the plaintiff, as alimony, the homestead and a judgment for $500 was not excessive.

3. ———: JUDGMENT FOR: PRIOR MORTGAGE MADE INFERIOR TO. In this cause, one who held a mortgage upon the property out of which alimony was claimed, was, without objection, made a party defendant, for the purpose of having his mortgage decreed to be, as a lien on the property, inferior to the judgment which was sought for alimony; and it appearing that plaintiff had not joined in the execution of the mortgage, and that the evidence tended strongly to show that the mortgage was without consideration, the decree of the court below, making the mortgage inferior to the judgment for alimony, will not be disturbed.

*Appeal from Iowa Circuit Court.*

THURSDAY, DECEMBER 14.

THIS is an action for a divorce and alimony. The defendant, Coenan, is the holder of a mortgage upon certain real estate in which alimony is claimed, and he was made a party

defendant under the claim that the mortgage was made by the defendant, Sesterhen, to him, without consideration, and for the purpose of defrauding the plaintiff. Coenan answered the petition, and his rights were determined in the action, without objection to the joinder of parties. The ground for divorce was cruel and inhuman treatment, and the court found the issues with the plaintiff, and decreed a divorce, and gave to the plaintiff the homestead, forty acres of land upon which the parties resided, and a judgment for $500, which judgment was made prior and superior to the lien of the mortgage upon the other real estate. Both of the defendants appeal.

*M. P. Smith* and *S. H. Fairall*, for defendants.

*Rumple & Lake*, for plaintiff.

ROTHROOK, J.—I. The plaintiff and the defendant Sesterhen, were married in year 1866. The plaintiff is now about fifty-three years old, and the defendant is some years younger. The plaintiff had been residing with her brother upon a farm, and neither of the parties owned any real estate. The plaintiff had kept house for her brother for a number of years. After the marriage, plaintiff's brother gave the parties some household furniture, and he gave to the defendant other personal property and $300 in money, amounting in all to from $500 to $600. He also conveyed to the defendant thirty acres of land, of the value $400. He conveyed to the plaintiff the forty-acre homestead upon which they all resided, which conveyance contained certain reservations to himself. Afterwards he gave the plaintiff full title and possession of the homestead. When this last transaction took place, the defendant paid to the plaintiff's brother $1,000. Soon after she received full title she conveyed the homestead to the defendant. During the marriage the defendant became the owner of an additional eighty acres of land, which the parties improved and put in cultivation. There are no children the issue of the marriage.

Sesterhen v. Sesterhen.

It is urged upon the part of the defendant Sesterhen, that the charge of cruel and inhuman treatment is not sustained by the evidence, and that a decree of divorce should not have

1. DIVORCE: alimony: condonation. been granted. It is not our practice to review the testimony of the witnesses in an opinion, especially where, as in this case, the evidence is voluminous. We can but state the facts which we think the evidence establishes. It is somewhat difficult to understand all of the testimony in this case, because it appears that most of the witnesses, being German people, understood our language so imperfectly that their testimony was taken by the aid of an interpreter. We think, however, that the following facts are fairly established:

The parties, as above stated, resided on their farm, and, so far as appears, each labored industriously—the plaintiff at times going into the fields and assisting in the farm work as well as doing the house work. The husband was given to occasional intoxication. There were frequent disagreements between them, and on several occasions the defendant used personal violence towards the plaintiff. She left her house on two or three occasions because of personal abuse, and after a time, at his solicitation, she returned. During one of these absences she filed a petition for a divorce, which was afterwards withdrawn. In September, 1880, he came home about eleven o'clock in the night, and, upon the merest pretense, and without any provocation, he struck, beat, and choked her, and in so doing, and while pushing her about the room, he knocked down the stove-pipe, threw over the tea-kettle, upset a burning kerosene lamp, which broke, and the oil took fire; and after he had chastised her to his satisfaction, he got a gun and went out and fired it off three times. At this time we think the evidence shows that the plaintiff suffered considerable personal injury. It is idle to argue that to call a wife from her bed, and abuse and maltreat her in this manner, is not egal cruelty, as frequently defined by this court.

It is said, however, that this offense was condoned, because the final separation did not take place until March, 1881.

We find no sufficient evidence of condonation. Although the plaintiff continued to live with him for several months after she was last beaten and abused by him, there is no evidence that he had reformed in his habits, and for aught that appears, judging the future from the past, the same treatment might reasonably be expected to again occur. Besides, there is evidence tending to show that just before she went away for the last time, and while sick and unable to help herself, he neglected her, and many times during their marriage he denounced her as a whore, without any cause, so far as the evidence shows. Without further dwelling upon the facts, we conclude the evidence abundantly supports the decree.

II.   Complaint is made that the alimony allowed by the court is excessive. We are not disposed to disturb that part 2. ALIMONY: of the decree. The homestead forty acres is not excessive: shown to be worth about $2,000. The remainder of the land is worth in the aggregate about $2,600, and when the plaintiff went away for the last time, there was from $900 to $1,000 worth of live stock, corn, and farming utensils left upon the place. It is not shown that defendant was in debt. On the contrary, the evidence shows that sometime before the final separation he had money coming to him. In view of the fact that the most of the property came from the plaintiff, and that all of it but $1,000 was earned by their joint labor, and that there are no children to be provided for, we think the allowance made was no more than the plaintiff is fairly entitled to.

III.   Upon Coenan's appeal, it is insisted that the evidence does not warrant the finding that the plaintiff's judgment 3. ———: judg- should be superior to the mortgage. The mort- ment for: prior mort- gage was for $3,000, and was executed by Sester- gage made inferior to. hen on the 21st day of July, 1877. It covered all of the lands except the homestead forty acres. No interest was paid thereon, and Coenan commenced an action of foreclosure in the District Court of Iowa county, for the August term, 1881. The plaintiff herein intervened in that

action, and claimed that the mortgage was fraudulent and void as to her, and that it was without consideration. This action was dismissed, and within a few days thereafter a judgment by confession in favor of Coenan against Sesterhen was entered in the Johnson county District Court for $4,448, upon the note secured by the mortgage. The evidence shows that this mortgage was made at Marion, in Linn county, and that the plaintiff had no knowledge of its existence until after the commencement of this suit. At the time the mortgage was given, the defendant was not in debt, but had money owing to him. If he received from Coenan the sum of $3,000, he has not, so far as appears, used it in any way. He is silent as to the mortgage—makes no reference to it in his testimony. Coenan was not a witness in the case. In view of these circumstances, and the further fact that the plaintiff had an inchoate right of dower in the mortgaged premises which is extinguished by the decree of divorce, we think this part of the decree should be approved.

AFFIRMED.