## HARWICK v. WEDDINGTON, SHERIFF.

1. **Practice:** CONSOLIDATION OF ACTIONS: DISMISSAL OF DIFFERENT CO-DEFENDANTS. Three several actions for damages for the wrongful seizure of his property on execution were brought by the plaintiff against the defendant sheriff and others—the parties defendant, other than the sheriff, being different in each case. Plaintiff moved to consolidate the cases, and after the filing of the motion, but before the hearing thereon, he dismissed as to all but the sheriff in each case. *Held* that the motion was then properly sustained.

2. **Fraudulent Conveyance:** EVIDENCE: STATEMENT OF VENDOR. The good faith of a vendor, whose sale of property is assailed as fraudulent, cannot be proved by evidence of his declarations that he honestly owed certain debts, and intended to pay them; and such evidence is not pertinent to the issue, and should be excluded.

3. ———: ———: INSTRUCTION. Upon the issue of fraudulent conveyance, tendered by the defendant, *held* that the following instruction should have been given when asked: "It is not necessary for the defendant to prove any fact which, taken by itself, would necessarily show fraud; yet, if the jury believe from the case as a whole that a fraudulent result was intended by the bill of sale in the making of the same, the verdict should be for the defendant as to all the property included therein."

4. **Sale:** PORTION OF GRAIN IN BULK: LEVY BEFORE SEPARATION. Where a bill of sale covered, or was designed to cover, a portion of grain in bulk, and such portion was not separated from the mass at the time of a levy thereon upon execution against the vendor, *held* that the levy was good regardless of the bill of sale. (See opinion for authorities.)

5. **Verdict:** IN EXCESS OF PLAINTIFF'S CLAIM: SET ASIDE. A verdict which allows more for certain items of property than plaintiff claims in his petition should be set aside.

*Appeal from Sac Circuit Court.*

FRIDAY, OCTOBER 28.

THIS action and two others, appearing under the same name, were brought to enable the plaintiff to recover for damages alleged to have been sustained by the wrongful levy upon and seizure by the defendant, as sheriff, of certain personal property alleged to belong to plaintiff. The three actions were consolidated, and tried to a jury, and verdict

and judgment were rendered for the plaintiff. The defendant appeals.

*Robinson & Milchrist*, for appellant.

*A. E. Clarke* and *T. D. Higgs*, for appellee.

ADAMS, CH. J.—I. The motion to consolidate was made by the plaintiff. To the order sustaining the motion the defendant excepted, and he now assigns the ruling as error.

The first action was brought by the plaintiff against the defendant, Weddington, and H. V. & T. Slutz. The second was brought by him against Weddington and Sweitser & Currier, and the third was brought by him against Weddington and the First National Bank of Storm Lake. The co-defendants of Weddington, in the respective cases, were the creditors for whom, and under whose direction, the respective levies were made. Some of the property levied on was taken under the three writs levied successively. A part was levied on in the action of the First National Bank alone.

<div style="margin-left:0"></div>

*1. PRACTICE: consolidation of actions: dismissal of co-defendants.*

After the motion to consolidate had been filed by the plaintiff. he dismissed Weddington's co-defendants in each case. Weddington insists, however, notwithstanding such dismissal. that it was improper to consolidate the cases. But we have to say that we think that his position cannot be sustained It may be conceded that the actions as originally brought could not properly have been consolidated. There were different defendants in each case, but after the dismissal there was left only Weddington as defendant in each case, and the causes of action were such that, as against him, they might have been united in one action. After the dismissal as to Weddington's co-defendants, and after the consolidation, the case stood the same as if the plaintiff had dismissed as to all; and then brought one action against Weddington alone, upon all the different causes of action. In our opinion, there was no valid objection to the consolidation. If Weddington

desired that the attaching creditors, under whose direction he was acting, should be concluded by the adjudication against him upon any question which might arise between him and them, he might have notified them to defend, and might have had such special findings as were necessary to protect the rights of the different parties.

II. The property levied upon had at one time been owned by the plaintiff's father, T. J. Harwick. It was attached by his creditors upon the supposition that it was still his property. The plaintiff claimed it under an alleged sale and conveyance made by his father to him. The defendant contended that the alleged sale and conveyance were fraudulent and void. The plaintiff introduced, as a witness, his mother, the wife of T. J. Harwick, and proved by her certain statements made by her husband to her to the effect that a certain debt owed by him was honest, and that he intended to pay every cent of it. The defendant moved to strike out this evidence, but the motion was overruled. We are unable to see how this evidence tended to prove any issue in the case. It is not uncommon, we think, for fraudulent debtors to make professions of honesty. But the *bona fide* character of their transactions, where drawn in question, cannot be proved by such profession. We think that the evidence should have been excluded.

2. FRAUD-ULENT con-veyance: evi-dence: state-ment of ven-dor.

III. The defendant asked an instruction in these words: "Instruction 6. It is not necessary for the defendant to prove any fact which, taken by itself, would necessarily show fraud; yet, if the jury believe from the case as a whole that a fraudulent result was intended by the bill of sale in the making of the same, the verdict should be for the defendant as to all the property included therein." The court refused to give this instruction, and the refusal is assigned as error. We think that the instruction was peculiarly appropriate, and should have been given. The defendant, as is usual in this class of cases, relied upon several circumstances tending to show

3. ——: ——: instruction.

fraud. It might well be claimed by the plaintiff that neither necessarily showed it. But if the jury, in view of all of them, believed there was fraud, it was their duty to so find.

IV. The defendant asked an instruction in these words: "If the bill of sale covered, or was designed to cover, a portion of grain in bulk, and the portion designed to be then conveyed had not been separated from the remainder prior to the levy, then, as to such grain not separated, your verdict must be for the defendant, without regard to the bill of sale." The court refused to give this instruction, and the defendant assigns the refusal as error. The plaintiff relied upon showing a purchase from his father. If the grain sold was part of a mass, and was not separated from it, it appears to us that the title did not pass. We think that the instruction should have been given. (*Courtright v. Leonard*, 11 Iowa, 32; *McClung v. Kelley*, 21 Id., 508; *Snyder v. Tibballs*, 32 Id., 447.)

*4. SALE: portion of grain in bulk: levy before separation.*

V. It is claimed by defendant that the verdict is excessive, in that the jury allowed more for certain items of property than the plaintiff claimed in his petition. This appears to us to be so, and we think that the verdict should have been set aside on this ground.

*5. VERDICT: in excess of plaintiff's claim: set aside.*

REVERSED.