SCOTT v. ROGERS *et al.*

**Notice:** LIS PENDENS: ACTION FOR DIVORCE AND ALIMONY. The filing of a petition for divorce, in which it is alleged that the defendant has real estate, and asking for judgment for alimony, and that it be made a special lien on defendant's real estate, does not create a lien on the real estate, nor give notice of an interest therein, under section 2628 of the Code ; but *held* that a mortgage made by defendant on his real estate after the filing of such petition, and recorded before judgment for alimony is rendered in such case, is a lien superior to the judgment.

*Appeal from Muscatine District Court.*—HON. W. F. BRANNAN, Judge.

FILED, MAY 17, 1889.

THIS is an action for the foreclosure of a mortgage executed by Peter Rogers to Scott & Clute, on the fifteenth day of February, 1886, upon certain real estate in Muscatine county. The mortgage was duly filed for record on the sixteenth day of February, 1886. Prior thereto, to-wit, January 10, 1886, Catherine Rogers filed her petition in the circuit court of said county, asking that she be divorced from said Peter Rogers, and alleging that he had real and personal property, and asking for one thousand dollars alimony, and that the same be made a special lien upon his real property, and for temporary alimony. After the making of the mortgage, June 12, 1886, Catherine Rogers filed an amendment to her petition, describing the several parcels of real estate owned by Peter Rogers, part of which was in Poweshiek county, and part in Muscatine county, including that in question. On June 12, 1886, a judgment was entered against Peter Rogers for one hundred dollars temporary alimony, and on February 28, 1887, on final hearing, a decree was entered granting a divorce to Catherine Rogers, and giving her judgment against Peter Rogers for one hundred and fifty dollars permanent alimony.

Executions were issued on these judgments, and levied upon the lot in question, with others, and sold to the defendants Richman, Burke & Russell. The mortgage to Scott & Clute was not signed by Catherine Rogers, and was given by Peter Rogers to secure Scott & Clute for services rendered and to be rendered as his attorneys in defending against said petition for divorce.

*J. Carskaddan* and *Scott & Clute*, for appellant.

*Richman, Burke & Russell, pro se.*

GIVEN, C. J.—I. The validity of the plaintiff's mortgage is not questioned, and herein this case differs from *Sesterhen v. Sesterhen*, 60 Iowa, 301. This mortgage having been executed and recorded prior to the rendering of either of the judgments for alimony, it is entitled to priority, unless the petition, upon which these judgments were rendered, comes within the provisions of section 2628 of the Code, which provides: "When a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and, while pending, no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title, if the real property affected be situated within the county where the petition is filed." In *O'Brien v. Putney*, 55 Iowa, 292, this court cited approvingly section 196 in Freeman on Judgments, wherein it said: "In order to bring the doctrine of *lis pendens* into effect, it is indispensable that the litigation should be about some specific thing which must necessarily be affected by the termination of the suit. It does not apply to an action for divorce and for alimony to be paid out of the husband's estate, because such a suit does not apply to any specified part of the husband's estate, real or personal. The judgment which may be obtained may, from the docketing thereof, constitute a lien on certain property, but in this, as well as in all other respects, it no more constitutes a *lis pendens*, or a claim to particular estate, than a suit upon a promissory note, or any other sufficient cause of

action." See, also, Benn. Lis Pendens, sec. 94, note 3, and section 99, note 1, and section 219, and note ; also Wade, Notice, sec. 352, and cases cited. This doctrine is emphasized by the provisions of our Code for the granting of attachments in actions for divorce, and for granting injunctions. Under the facts of the case and the authorities cited, we are of opinion that the plaintiff's petition, as filed before the execution of the mortgage, did not constitute a *lis pendens*, and that the mortgage is superior to either of the judgments.

REVERSED.