## A. H. NEEB v. J. A. McMILLAN, Appellant.

1 **Evidence:** DECLARATIONS OF A SELLER made after the sale, are
4 inadmissible to prove its good faith.

SAME: IMPEACHMENT. Such declarations can not be used as impeach-
2 ment of declarant, after he has testified that his sale was made in bad
. faith, unless the usual foundation has been laid, by calling attention
3 to the time and place.

*Appeal from Polk District Court.*—HON. S. F. BALLIET,
Judge.

### WEDNESDAY, OCTOBER 17, 1894.

ACTION of replevin to recover certain personal
property.    There was a trial by jury, which resulted in
a verdict · and judgment for plaintiff.    Defendant
appeals.—*Reversed.*

*Henry S. Wilcox* for appellant.

*Berryhill & Henry* for appellee.

ROTHROCK, J.—One C. R. Nourse was the owner
and proprietor of a retail meat market in the city of
Des Moines.    On the twenty-fifth day of August, 1892,
he made a formal sale of the personal property in and
about his place of business to the plaintiff.    At the time
of the transfer of the property he was indebted to a
number of parties in various amounts.    He owed the
Des Moines Beef Company the sum of eighty-three
dollars.    On the same day that the alleged sale was
made to the plaintiff there were negotiations between
an agent of the said company and said Nourse, by
which Nourse was to execute a chattel mortgage on the

property to the beef company to secure the payment of its claim. These negotiations were broken off by the sale to Neeb. The beef company disregarded the alleged sale, and sued out a writ of attachment, which was placed in the hands of the defendant, who was a constable, and a levy was made on the property. After the levy was made, other creditors garnished the defendant in order to secure their claims. The defendant claimed that the sale made by Nourse to Neeb was fraudulent and void as to the creditors of Nourse. The defendant introduced Nourse as a witness, and he testified that, while the negotiations for making the mortgage to the company were in progress, Neeb called him aside, and proposed that he turn the property over to him, and "beat them out of it." In short, Nourse testified to a state of facts which showed that the sale to Neeb was fraudulent. The plaintiff introduced a witness who was permitted to testify, over the objection of the defendant, that, subsequent to the alleged sale, Nourse admitted that he was justly indebted to the plaintiff before the sale was made, and that the sale was regular, and that the plaintiff gave him a note for the difference between the contract price of the property and the indebtedness to the plaintiff. Other testimony of like character was introduced by plaintiff over the defendant's objection. The competency of this evidence is the only question involved in this appeal. It is to be remembered that Nouse is not a party to this suit, and it is not claimed that the admissions contradictory of his evidence were part of the transaction between him and Neeb. They were made after the sale was fully completed, and were incompetent for any purpose, unless as evidence tending to impeach Nourse, by showing that he had made admissions and statements at variance with his testimony. No foundation was laid for introducing impeaching evidence by

calling the attention of the witnesses to the time and place of the alleged admissions. It is claimed by appellee that the admissions were competent original evidence. It appears to us that they were clearly incompetent, and that to admit them was contrary to a fundamental rule of evidence. See *Harwick v. Weddington*, 73 Iowa, 300, 34 N. W. Rep. 868. REVERSED.