## A. H. NEEB v. J. A McMILLAN, Appellant.

**Replevin:** DEFENSES. In replevin against an officer who has levied
on the property in question under an execution against a third
person, defendant may set up as a defense that since the com-
mencement of the action, a landlord's lien has been established
against it, and the property taken from him to satisfy such lien;
and this, though plaintiff was not a party to the landlord's attach-
ment.

**Landlord's Lien.** The lien of a landlord on the property of the tenant
in the leased building, given by Code, section 2017, is not affected by
the tenant's sale of the property, after rent is due and unpaid

**Conversion:** MEASURE OF DAMAGES. In an action against an officer
to recover personal property levied on under execution against a
third person, the damages for taking the property should be esti-
mated as of the time of the taking, with interest to the time of the
trial.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

WEDNESDAY, OCTOBER 7, 1896.

ACTION to recover specific personal property.
Trial by jury. Verdict and judgment for the plaintiff.
Defendant appeals.—*Reversed.*

*Henry S. Wilcox* for appellant.

*Berryhill & Henry* for appellee.

ROTHROCK, C. J.—I. The petition was in the usual
form of an action in replevin. The property consisted
of the tools and appliances necessary for carrying on

a meat market. It was formerly owned by one C. R. Nourse, who used it in connection with his business, as the proprietor of a meat market. The plaintiff claims that he purchased the property of Nourse. It appears that Nourse was in debt, and that one of his creditors commenced an action against him, and attached the property. The defendant executed the writ of attachment as constable, and this action was commenced to recover the property from him. The defendant claimed that the sale by Nourse to the plaintiff was without consideration, and for the purpose of defrauding the creditors of Nourse. The case has once before been in this court, upon an appeal by the defendant. The judgment was reversed because of what was held to be an improper ruling on the admission of evidence. The case is now presented upon other questions. 92 Iowa, 200. See (60 N. W. Rep. 612). It does not appear from the record that the property in controversy was seized upon the writ of replevin, and delivered to the plaintiff. After the judgment was reversed by this court, the defendant amended his answer, which amendment was in the following language: "The defendant denies that the plaintiff is the owner of the property described, or that it is worth the sum stated, and says that at the time of his levying on it, and at the time of the commencement of this action, a portion of said property belonged to Schramm Bros., and the portion not belonging to them was incumbered by a landlord's lien in favor of said Schramm Bros., for the rent of the premises where said property was located, amounting to about $200, and since the commencement of this action said lien has been foreclosed, and judgment obtained against said property, amounting with costs, to about $240, and the said property sold at sheriff's sale to the highest bidder, and by said sale all the interest that said Nourse had in said property at the

time of his pretended sale to plaintiff was by said sheriff sold to Swift & Co., and all plaintiff's interest derived from said Nourse was thus cut off; that, because of said incumbrance, plaintiff's interest in said property was of no value when levied on by defendant, and of no value when demand was made therefor, and when this suit was brought." This amendment to the answer was not challenged by demurrer or otherwise. We do not determine whether it was necessary for the plaintiff to attack the amendment. The defendant called a witness, and asked him a number of questions, which, if answered favorably to defendant, would have tended to prove the averments of the amendment to the answer. All of these questions were objected to by the plaintiff as being immaterial. The objections were sustained, and exceptions taken. Thereupon the defendant made the following offer: "Defendant then offered to show that C. R. Nourse was in possession of the room where the property was at the time of the levy, under a contract of lease between himself and Schramm Bros., dated the first day of February, 1892, and running for a term of one year from February 1, 1892; that the terms of the lease required him to pay monthly rent of thirty dollars, monthly in advance, on the first day of each month; that he failed to pay the rent for several months prior to the seizure of said property by the defendant; and that since said seizure, and since the commencement of this suit, a landlord's attachment was sued out for rent unpaid, said property seized by the sheriff of Polk county, thereunder, taken from the possession of defendant, and such proceedings were had that judgment was obtained for said rent, and said property sold under special execution to satisfy the said judgment." Plaintiff objected to the evidence offered as immaterial. Objection was sustained, and defendant excepted.

The defendant contends that this evidence was material to his defense for at least the amount of the lien for the rent. That the owner of the building had a valid lien on the property, as against Nourse, does not appear to be questioned. Such a lien is expressly given by section 2017 of the Code. And, if the plaintiff had taken possession of the property under his contract of purchase from Nourse, the landlord could have enforced the lien as against the plaintiff. The sale or transfer of the property to the plaintiff did not affect the lien. *Richardson v. Peterson*, 58 Iowa, 724 (13 N. W. Rep. 63); *Holden v. Cox*, 60 Iowa, 449 (15 N. W. Rep. 269). A creditor of the tenant cannot, by a levy on the property, acquire priority over the landlord's lien for rent. *Atkins v. Womeldorf*, 53 Iowa, 150 (4 N. W. Rep. 905). In Wells, Repl. section 669, it is said: "When, during the pendency of the action, and before trial, the defendant has been legally required to deliver the property in dispute to a third person, who is the owner as against both the parties to the suit, such delivery may be pleaded, and will constitute a good defense to the replevin suit. Thus, when the sheriff was served by an assignee of the debtor for goods which he had attached, he filed answer that the assignment was made to hinder, delay, and defraud creditors; that the debtor had been adjudged a bankrupt; and that the assignee in bankruptcy had demanded and taken the goods. Such answer was regarded as a sufficient defense to the replevin suit." We think this statement of the law is correct. Indeed, we cannot discover any reason for doubting that it is a just rule, and applicable to the facts pleaded in this case. It is true, the plaintiff herein was not a party to the alleged proceeding in enforcing the landlord's lien, but that is not material. The property was in the custody of the

law, and if it was seized and taken from the defendant and appropriated in payment of the rent, in a proper proceeding, there ought to be no question that the defendant may avail himself of that proceeding as a defense.

II.    There are other questions presented on this appeal.  It is said that part of the property was not properly described in a notice served by plaintiff on the defendant, claiming the ownership of the property.

This position is not well taken.  The description was sufficient.  And complaint is made because the court permitted the damages for taking the property to be estimated as of the time of the taking, with interest thereon to the time of the trial.  We think this was the true measure of damages in actions like this.  The judgment of the district court is REVERSED.