## Agnes Stoaks v. Charles G. Stoaks, Fred. H. Stoaks, Intervener, Appellant.

**Divorce:** JUDGMENT FOR ALIMONY: PRIORITY OF LIENS. While a landlord's lien for rent is superior to a judgment lien so far as the property not exempt from execution is concerned, still where the evidence showed that after satisfaction of the judgment there would be sufficient property remaining to satisfy the rent, it was not error for the court in a divorce proceeding to direct the satisfaction of the judgment for alimony out of attached property.

**Landlord's lien:** INJUNCTION. In the absence of some threat or attempt on the part of a tenant or others to deprive the landlord of the protection of his lien for rent, he is not entitled to equitable relief by way of injunction.

*Appeal from Taylor District Court.*—Hon. H. M. Towner, Judge.

Tuesday, February 15, 1910.

In an action brought by plaintiff against defendant, Charles G. Stoaks, for a divorce, there was an attachment against defendant's property for alimony, which was levied on domestic animals and farm implements, the property of defendant. Fred H. Stoaks, the father of defendant, intervened, claiming a lien upon the attached property for rent, and asking that an injunction issue restraining the plaintiff and the defendant from disposing of any property on the leased premises to which intervener's lien had attached. The court granted to plaintiff a divorce and judgment for alimony in the sum of $400, which judgment was made a lien on the attached property as against the claims of intervener, and on the petition of intervention gave to the intervener a judgment against the defendant

for rent due, with provision that such judgment be enforced as against the attached property, subject only to the lien of plaintiff's judgment for alimony. The prayer of the intervener for an injunction to preserve defendant's property as against plaintiff for the payment of rent not yet due was denied. The intervener appeals.—*Affirmed.*

*William M. Jackson,* for appellant.

*McCoun & Burrell,* for appellee.

McCLAIN, J.—This appeal presents two questions: First, alleged error of the court in making the judgment for alimony in favor of plaintiff a prior lien upon the property of defendant, which had been attached in the divorce proceeding as against intervener's claim for rent due; second, the alleged error in refusing to intervener an injunction for the preservation of his lien for rent not yet due at the time the decree was entered.

I. The intervener, as landlord, had a lien upon the crops grown by defendant on the leased premises, and upon the domestic animals, farm machinery, and other personal property of the defendant used or kept thereon, not exempt from execution. Code, section 2992. This lien was prior to the lien created by plaintiff's attachment and judgment for alimony on the attached property, so far as it consisted of domestic animals and farm machinery not exempt from execution; but plaintiff's lien under her attachment and judgment was prior as to so much of the property as was exempt from execution. Out of the property levied upon the defendant was entitled to hold as exempt, two cows, five hogs, a team of two horses, with harness and a wagon or buggy (Code, section 4008), and he was entitled to make his own selection. It appears that there was other property on the premises belonging

1. DIVORCE: judgment for alimony: priority of liens.

to defendant not exempt from execution, subject to the landlord's lien of intervener. As defendant failed to make any selection of the property which he should claim as exempt from the landlord's lien, it was impossible for the court to say which specific property could be held by plaintiff under her attachment as against the intervener's lien, and which portion of the property was subject to such prior lien, and under these circumstances we think the court was justified in finding from the evidence that, after the satisfaction of plaintiff's judgment for $400 out of the attached property, the defendant would have remaining sufficient property subject to intervener's lien to satisfy his full claim for rent due and to become due. There was, therefore, no error prejudicial to the intervener in directing the satisfaction of the plaintiff's judgment out of the attached property.

The cases relied upon for appellant are those in which the landlord, having a lien, is held entitled to protection as against the creditor of the tenant in an action at law. *Atkins v. Womeldorf,* 53 Iowa, 150; *Neeb v. McMillan,* 98 Iowa, 718. In the case before us the court in an equitable proceeding had acquired jurisdiction of property as to which the plaintiff and intervener had conflicting claims, and it was plainly within the scope of its jurisdiction to determine how this property should be subjected to these respective claims, so as to protect each claimant so far as possible. When it was made clear to the court that plaintiff's claim for alimony might be satisfied out of the attached property without impairing the security of the intervener as landlord for his rent, we think the court properly directed such disposition of the property as would effectuate this result, and that the intervener has no ground to complain of the decree. As affording some support for this conclusion, see *Sesterhen v. Sesterhen,* 60 Iowa, 301.

II. As to intervener's prayer for an injunction protecting his lien for rent not yet accrued against any acts

on the part of plaintiff or defendant which should impair
his security, it is sufficient to say that inter-
vener's security was in no way threatened.
When plaintiff's judgment for alimony should
be satisfied out of the attached property, it being clear
under the evidence that there was sufficient property held
under attachment to satisfy such judgment, plaintiff would
have no remaining claim which she could enforce against
other property of the defendant, and there is no allegation
of any purpose or intention on the part of defendant to
put his property beyond the reach of intervener, seeking
to enforce in the future his landlord's lien. The landlord
is entitled to an injunction to protect his lien only as
against some threatened interference therewith. In the
absence of some threat or attempt on the part of the tenant
or others to deprive the landlord of the protection of his
lien, he is not entitled to equitable relief by injunction.
*Carson v. Electric Light & Power Co.,* 85 Iowa, 44; *Wal-
lin v. Murphy,* 117 Iowa, 640; *Garner v. Cutting,* 32
Iowa, 547.

2. LANDLORD'S
LIEN:
injunction.

The decree of the trial court is *affirmed.*