Bartlett v. Gaines.

---

BARTLETT V. GAINES.

1. LANDLORD'S LIEN. A landlord may maintain an action for rent due and for a lien, without asking for an attachment as provided by section 1271 Code of 1851.
2. PERTINENT EVIDENCE. Evidence which is not pertinent to the issues joined in the pleadings may be properly excluded.
3. JUDGMENT: LIEN. When in an action for rent in arrear and for a landlord's lien there was no issue tried or determined by the jury as to the lien, and the jury found for the plaintiff on the issue joined as to the indebtedness, it was held that the court did not err in recog-

---

nizing the lien in the judgment and in directing a special execution · to issue to satisfy the same.

*Appeal from Dubuque District Court.*

SATURDAY, OCTOBER 6.

LANDLORD'S LIEN. Defendant moved to dissolve the attachment, which motion was overruled. He offered certain testimony which was rejected. After verdict, he objected to an order making the judgment a special lien on the attached property, and again offered the same testimony before rejected. The court refused to hear the testimony, entered judgment as asked by plaintiff, and defendant now appeals.

*Thomas M. Monroe* for the appellee.

*H. S. Jennings* for the appellant.

The statute relating to landlord's liens being extraordinary in its provisions should be strictly pursued. *Wilkie & Tuller* v. *Jones*, Mor. 97; *Eads* v. *Pitkin*, 3 G. Greene, 77; *Courrier* v. *Cleghorn*, Ib. 525; *Musgrave* v. *Brady*, Mor. 456. The allegations of the petition are not sufficiently clear and certain to warrant a judgment declaring a landlord's lien; *Danforth, Davis & Co.* v. *Carter* and *May*, 1 Iowa 547; *Baltzell et al* v. *Nosler*, Ib. 591. The evidence offered by the defendant to show that a part of the plaintiff's cause of action had accrued more than one year prior to the commencement of the action, was clearly admissible. *Bradley* v. *Kennedy*, 2 G. Greene 231; *The State of Iowa* v. *Hinkle*, 6 Iowa 380; and the cases cited on page 384, *Farwell* v. *Tyler*, 5 Ib. 535.

WRIGHT, J.—The motion to dissolve the attachment was properly overruled. The causes stated in said motion relate more to the sufficiency of the petition than to the affidavit, which was filed, and which, by the Code, section 1271, is made the basis of the attachment. Thus, it is objected that "the petition fails to show upon its face any grounds for an

attachment." And again, "that it does not bring the case within the statute authorizing a landlord's attachment or lien." Now the landlord may commence his action for his rent and lien without asking an attachment in his petition. If he desires the auxiliary writ, he is to make the affidavit provided for in section 1271, and that this was done in this instance there is no dispute.

Upon the trial, defendant proposed to prove that a large portion of the rent for which the suit was brought, accrued and became due more than one year prior to the commencement of the action. No such issue as this was made by the pleadings. The defendant simply denied the indebtedness, but presented no issue to which this testimony was applicable. There was no error, therefore, in sustaining plaintiff's objection to the testimony offered, either before or after the verdict.

The jury was sworn to try the issue joined, and no more. When that issue was found in favor of plaintiff it remained with the court to pass upon those admitted. As there was no controversy then, so far as shown by the pleadings, but that plaintiff was entitled to his landlord's lien, if the indebtedness of defendant was established, it was not error for the court to recognize the lien in the judgment and award a special execution, after the jury had found the indebtedness, without passing either way upon the question of lien. With this question the jury had nothing to do.

Judgment affirmed.