## MERRIT V. FISHER.

1. **Landlord and tenant:** ATTACHMENT. The remedy by landlord's attachment is purely statutory, and will be strictly construed.

2. —— RENT: DEFINITION. Rent is a certain profit, either in money, provisions, chattels or labor issuing out of *lands* and *tenements* as retribution or return for their use.

3. —— ATTACHMENT: DAMAGES. A landlord's attachment will not lie for damages for a failure to till land, or by reason of the breaches of covenants in the agreement of the lease not connected with the demise of the land, etc. It can be maintained only for rent due. Rev. 1860, ch. 99.

*Appeal from Jones District Court.*

FRIDAY, JANUARY 5.

LANDLORD'S LIEN AND ATTACHMENT: CONSTRUCTION OF STATUTE. — The questions made in this court arise upon the ruling of the District Court sustaining the defendant's motion to dismiss the landlord's attachments, and to order the return of the property thereon attached. It is necessary to set out the substance of the petition. This alleges that, on the 3d day of March, 1864, the parties entered into a certain written contract, which is made part of the petition. By this instrument, which is at once an agreement and a lease, it appears that the plaintiff leased to the defendant one hundred and forty-five acres of land in Jones county, from March 1, 1864, till March 1, 1867, and agreed to furnish thirty cows, one span of mares for farm work, a wagon, plow and harrow, and certain utensils for the manufacture of cheese, and also one-half of the seed, grain and hogs sufficient to eat the surplus whey.

In consideration of the above, the defendant agreed to manage the farm and other property expressly for dairy purposes, and properly to carry on the dairy business, to

keep the place in repair; to deliver plaintiff one-half of the proceeds of the dairy; one-half of the wheat in the half bushel; one-half of all the other surplus grain; one-half of the increase of the stock; and all articles bought in company were to be divided at the end of the lease, &c.

The first cause of action set out is this: That plaintiff let defendant have, under said contract, two cows for which defendant is indebted in the sum of fifty dollars.

The second cause of action is for the use of plaintiff's team by defendant for other than contract purposes, fifty dollars.

Another claim is for sixty dollars damages for defendant's failure to till and cultivate twelve acres of land. This amount is claimed as "damages" and not as "rent." Another claim is for defendant's neglect to make all the cheese required by the contract: for not making it in a proper manner and for delivering it to the plaintiff in a damaged condition. For these causes six hundred dollars is demanded "as rent on said cheese." Another claim is for a calf slaughtered by defendant, five dollars.

The 7th and last count is literally as follows: "That defendant failed properly to take care of fifteen acres of oats, and failed to deliver plaintiff his rent share thereof, for which there is due plaintiff one hundred dollars. ($100.) Judgment is prayed for nine hundred and forty-five dollars, and also the issue of a landlord's attachment.

To the petition, plaintiff's affidavit is annexed, as required by § 2203 of the Revision, to the effect, that the action is brought to recover rent for the real estate described in the written contract.

The defendant moved to dismiss the attachment, and for an order to return the property, on the ground that the petition showed that plaintiff's claim was not for rent.

The court sustained the motion *in toto*. Plaintiff excepted and appeals.

*C. R. Scott* and *S. T. Pierce* for the plaintiff.

*J. S. Shaw* for the defendant.

DILLON, J. — The statute (Rev., ch. 99), gives to the landlord "a lien for his rent" upon designated personal property of the tenant. This lien is to be "effected," that is *enforced* (*Grant* v. *Whitwell*, 9 Iowa, 152), "by an action for the rent due, in which the landlord is entitled to a writ of attachment, upon filing an affidavit, that the action is commenced to recover rent accrued within one year previous thereto, upon premises described in the affidavit." Rev., § 2313. Ordinarily the goods of a debtor, in this State, can be *attached,* only when certain causes for an attachment exist, and a bond is filed for the use of the debtor, to secure to him all damages he may sustain by reason of the wrongful suing out of the attachment. Rev., ch. 124. But the statute, in analogy to the common law right of distress (which common law right the statute abrogates, or takes the place of), has given to the landlord, for the recovery of *rent,* a special remedy. It entitles him to an attachment without assigning the ordinary causes of fraud, non-residency and the like, and without filing a bond for the use of the supposed debtor or tenant.

The lien and the remedy thus given to the landlord, are purely statutory. It is a species of "class" legislation in favor of landlords, granting them rights not given to creditors generally. It follows that, in availing himself of this special and extraordinary remedy, the landlord must take it just as the statutes give it to him. If it is not broad enough, in any given case, to suit his purposes, the usual and ordinary remedies of the law in favor of creditors, are also available to him.

1. LANDLORD AND TENANT: attachment.

It will be perceived, by examining this chapter (Rev., ch. 99, §§ 2302, 2303), that the claim of the landlord must *2. —— rent: definition.* be for *rent.* His lien is "for his *rent*"—rent for "the demised premises." § 2302. The action is "for the *rent* due"—for "rent accrued within one year previous, upon *premises* described in the affidavit." It must not only be for rent, but this language shows that it must be for the rent of *real property.*

Now rent is a certain profit, either in money, provisions, chattels, or labor issuing out of *lands* and *tenements,* in retribution or return for their use. Co. Litt., 144; followed 3 Kent Com., 460; Taylor, L. & T., § 369; *Valentine* v. *Jackson,* 9 Wend., 302; 3 Kent. Com., 483, *n.*

Applying these considerations to the petition in the present case, the court are of the opinion, that none of *3. —— attachment: damages.* the claims or causes of action therein set out, are for rent, so as to entitle the plaintiffs to a landlord's attachment, except the 7th or last one.

The other claims are for *damages* for failure to till land, and for breaches of covenants in parts of the agreement not connected with the demise of the land, for cows sold or converted, for the use of team, for the neglect to perform the cheese contract, &c., &c. These are not claims for *rent* within the meaning of the statute. They are ordinary causes of action for which the law has provided its ordinary remedies.

The last count, averring as it does the failure to take care of, and deliver the plaintiff the *rent share* of the oats, is in our opinion a claim of such a nature, as would entitle the plaintiff to a landlord's lien and attachment.

Hence the court erred in sustaining the motion wholly. For this error the ruling appealed from is reversed. If a disproportionate and unreasonable amount of property has been attached, and this is clearly made to appear, the excess can be discharged on motion made for that purpose

in the District Courts. Courts have power over their writs to prevent them from being unjustly or oppressively used.

Reversed and remanded for further proceedings.

Reversed.