Secrest v. Stivers and Brown.

<br>

## SECREST v. STIVERS AND BROWN.

Landlord and tenant: LIEN OF LANDLORD. Where land is rented on shares, the landlord has a lien therefor on the crops grown on the demised premises the same as if the rent had been payable in money; and where, by the terms of the lease, the lessee is to gather and deliver to the landlord the share to which he is entitled, but fails therein, so that the landlord is obliged to gather it himself, he has a lien for the value of such labor, as a part of the rent which the tenant agreed to pay.

*Appeal from Linn Circuit Court.*

TUESDAY, JANUARY 22.

THIS action was tried upon the following agreed statement of facts:

That plaintiff Secrest leased his farm to the said Stivers, defendants, October 1, 1869, for one year, ending October 1, 1870, for two-fifths of all the grain raised on the premises, about one hundred and forty acres, the small grain to be delivered in the bushel and the corn in the crib on the premises; that defendant, the said Stivers, abandoned said farm in August, 1870; that there were planted in corn by defendants about one hundred acres, of which plaintiff was compelled to gather his share of thirty-four acres; that it was reasonably worth $45.00, the amount found by the jury in justice's court; that H. N. Brown intervened in justice's court to protect his interest; that Brown purchased the interest that said Stivers had in said corn, August 18, 1870. Brown appealed from the judgment of the justice, establishing a landlord's lien on said corn so purchased of Stivers, and the costs taxed to him of intervention. Upon this statement, admitted by both parties in open court, the court found that plaintiff was not entitled to a landlord's lien on said corn purchased of Stivers by Brown, and not entitled to recover any thing against Brown for the gathering of his, Secrest's, share of the corn, nor any part of the costs; to which finding the plaintiff duly excepted at the time. The plaintiff appeals.

*Thompson & Davis* for the appellant.

*Lothian & Mitchell* for the appellee.

COLE, J.—The plaintiff, upon the agreed statement of facts, was entitled to a judgment for the value of the labor in gathering the corn, and to a landlord's lien upon the crop of the tenant's grown on the land for its payment. And this for the reason that under our statutes (Rev., § 2302), a landlord has a lien for his rent upon all crops grown on the demised premises. *Rent* is a certain profit, either in money, provisions, chattels or *labor*, issuing out

of lands and tenements in retribution or return for their use. Coke on Littleton, 144; *Merritt* v. *Fisher*, 19 Iowa, 354, and cases cited. The *labor* in gathering the corn was a part of the *rent* the tenants agreed to pay, and for that or its value, the landlord is entitled to his lien. The purchaser of the tenant's share on the ground and on the leased premises certainly stands in no better situation than the tenant's, either on principle, under our statute (§ 2302), or upon precedent. *Case* v. *Hart*, 11 Ohio, 364.

Reversed.