## MARLING v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN R'Y CO.

1. **Practice in Supreme Court:** DISCRETION OF TRIAL COURT IN ALLOWING AMENDMENT NOT INTERFERED WITH. This court does not interfere with the discretion of trial courts in allowing amendments within the time fixed by statute. Accordingly, an order allowing an amendment to the answer, in the nature of a cross-petition, in this case, when it was called for trial, will not be reviewed.

2. **Trial by Jury:** EQUITABLE ISSUES RAISED BY CROSS-PETITION IN LAW ACTION. When an action is begun by ordinary proceedings, but a cross-petition is filed showing facts under which complete relief cannot be granted at law, the case is a proper one for equitable cognizance, and the plaintiff cannot insist on a trial by jury.

3. **Railroads:** CONDEMNATION OF RIGHT OF WAY: PAPERS LOST: OTHER EVIDENCE. The condemnation papers for the right of way in question being lost, the facts of condemnation and the payment of the award to the plaintiff were sufficiently established for the purposes of the case by other evidence. See opinion.

4. ———: ———: EVIDENCE OF SUCCESSION TO RIGHTS OF CONDEMNING COMPANY. Where it was shown by parol that the condemning company had changed its name, and that the defendant held under a conveyance from one who purchased the right of way at a foreclosure sale in an action brought against the condemning company, in its new name, *held* that this was sufficient evidence that defendant had succeeded to the rights of the condemning company, especially where there was no adverse claim made by the condemning company or any one claiming under it.

5. ———: ———: NON-USER: STATUTE OF LIMITATIONS: ESTOPPEL. The evidence (see opinion) fails to establish plaintiff's claim that the right of way in question had been abandoned for more than ten years; and, besides, he is precluded from insisting upon such abandonment by his agreement, made with defendant's lessee, whereby said lessee constructed, and has ever since maintained, the very road of which he now complains.

*Appeal from Johnson District Court.*

### FRIDAY, OCTOBER 23.

THIS is an action by which the plaintiff seeks to recover damages for an alleged trespass upon certain lands. There

was an answer and an amendment thereto in the nature of a cross-petition in equity. A trial was had to the court, and a decree was entered for the defendant. Plaintiff appeals.

*Milton Remley* and *L. W. Clapp*, for appellant.

*Boal & Jackson*, for appellee.

ROTHROCK, J.—The plaintiff by his petition claims that in October, 1879, the defendant wrongfully, unlawfully, and without permission of plaintiff, entered upon and took possession of a strip of land 100 feet wide running through plaintiff's farm, and constructed a railroad track upon the same, and is now operating a railroad thereon, and he demands a judgment for $1,200 for said wrongful trespass and injury. The defendant by its answer admits that it is in possession of the land, but claims that such possession is rightful, for the reason that in the year 1867 a corporation known as the Iowa Northern Central Railroad Company, organized for the purpose of building a line of railroad from the city of Keokuk, Iowa, through the counties of Lee, Henry, Washington and Johnson, surveyed its line through the lands of the plaintiff, and upon the 100 feet described in plaintiff's petition, and applied to plaintiff to purchase the right of way therefor, which was refused; that thereupon said company caused a sheriff's jury to appraise the damages resulting from the taking of said land, and that the compensation to which plaintiff was entitled was assessed by said jury at $700, which sum was paid to plaintiff in August, 1867, and that said company then entered upon said premises and constructed a road-bed thereon; that in 1879 the Iowa City & Western Railway Company, having succeeded by purchase to all the rights of the Iowa Northern Central Railroad Company, constructed thereon the road of which plaintiff complains; that said Iowa City & Western Railroad Company applied to plaintiff for an instrument of release of any claim he might have in said

land; that it was then agreed between the parties that said railroad company should build a bridge at such an 'elevation as to permit plaintiff's stock to pass under said railroad track, and in fencing its right of way it should place the fence not to exceed twenty-five feet from the center line of its track, along the west side thereof, from the north line of plaintiff's land to the south side of what was then the garden about the plaintiff's house; that in consideration of this agreement to bridge and fence, as stated, plaintiff consented to release any and all right he might have in any part of said 100 feet by reason of lapse of time and non-user; that the said company, relying upon said agreement, constructed the road and the underground pass, and in so doing expended large sums of money; that thereafter the said Iowa City & Western Railway Company leased the said road to the defendant.

When the case was called for trial, leave was granted to the defendant to amend its answer. An amendment was filed in the nature of a cross-petition in equity, which, in addition to the averments of the original answer, set forth that the sheriff under whom the condemnation was made in 1867 died long since, and that defendant has made diligent efforts to procure the proceedings of said condemnation; that the same have never been recorded, and cannot now be found; that the defendant is entitled to have its right and title as lessor ascertained, and quieted as against the plaintiff's claim of title in the land; and praying that the Iowa City & Western Railway Company be decreed to be the owner of said right of way, and that this defendant as lessee is entitled to the occupation thereof, and to have such rights fully and forever quieted as against any and all claims of plaintiff. The plaintiff moved to strike the cross-petition from the files because filed without leave of the court, and because it was not filed until the cause was reached for trial. The motion was overruled. Thereupon the plaintiff demurred to the cross-bill, and the demurrer was overruled. Afterwards the plaintiff replied to the answer and cross-bill, in which he denied that any con-

demnation proceedings were had, and pleaded that the road was abandoned by the Iowa Northern Central Railroad Company, and that the plaintiff was in the open, notorious and adverse possession of said right of way, under color of title and claim of right, for more than ten years after said abandonment, and before his possession was disturbed by the defendant.

There are many other averments in the several pleadings not necessary to be recited in this opinion. We think we have set out enough to make plain the grounds upon which we determine the rights of the parties.

I. It is claimed by the plaintiff that the motion to strike the cross-petition should have been sustained, because it was filed when the cause was called for trial. It is scarcely necessary to say that the pleading was in the nature of an amendment, and we do not interfere with the discretion of trial courts in allowing amendments within the time fixed by the statute.

1. PRACTICE in supreme court: discretion of trial court in allowing amendment not interfered with.

II. The plaintiff demanded a trial by jury, and he complains because his request was denied. The answer and cross-petition presented an equitable issue. The defendant was in possession of the land, and the plaintiff commenced his action for trespass. The action for trespass was not based upon a mere possessory right to the land in the plaintiff. He claimed to recover because he was the owner of the right of way 100 feet wide, and because the defendant unlawfully and wrongfully trespassed upon it. The apparent title of record was in the plaintiff. The defendant claimed the right to the possession of the land under the alleged condemnation proceedings, and alleged that all of the papers in connection therewith were lost. It was the right of the defendant to demand equitable relief and a decree quieting its rights to the land. It was entitled to a decree fixing the rights of the parties to the land. It is said that the defendant could have shown

2. TRIAL by jury: equitable issues raised by cross-petition in law action.

every fact pleaded on a trial in the action at law for trespass, and that a judgment would have settled the rights of the parties. We think the defendant was entitled to more than this. It could demand that if it had a valid right of way that right should be made of record in a plainer and more specific manner than a mere judgment at law in its favor in an action for trespass. The decree of the court requiring the defendant to remove its fence on one side of the right of way twenty-five feet nearer the center of the track, to correspond with an agreement of the parties, shows that it was a proper case for equitable cognizance. We think the court properly ruled that the claim made by the defendant should be tried as in equity, and without a jury, and we think that it was the right of the defendant, as a lessee claiming under the Iowa City & Western Railway Company, to assert its right against the plaintiff without making said company a party. The lease appears to have been for a term of fifty years, with the right of renewal at the expiration of that time.

III. It is urged that there was no competent evidence that there ever was any legal condemnation of the land. It 3. RAILROADS: appears that a sheriff's jury condemned adjoincondemnation of right ing lands, and on the same day went upon the of way: papers lost: plaintiff's farm, after the stakes were driven and other evidence. the line located, and that they fixed the damages at $700, and the treasurer of the company paid the plaintiff the full amount awarded to him, and that the Northern Iowa Central Railroad Company were forbidden by the plaintiff to enter upon his farm to grade the line until after the condemnation, and that after he received payment for the right of way the company entered upon the land and made the grade without objection from him. And it is fully shown that the condemnation papers are lost. It is true, the plaintiff, in his testimony as a witness, denies some of these facts, but his denial cannot overcome the testimony of a number of credible witnesses. It will be readily seen that, having

received his damages for the right of way, he is in no position to cavil about the sufficiency of the proof of the contents of the condemnation papers, nor of the fact, as he claims, that no notice of the condemnation proceedings was given ·ᴜ him. He was present when the sheriff's jury viewed the land and made the assessment.

IV. Next it is claimed that it does not appear from the evidence that the defendant and its lessor have succeeded to the rights of the Iowa Northern Central Railroad Company. It is shown that the last-named company changed its name and became known as the Keokuk, Iowa City & Minnesota Railroad Company. It is true, this fact was not shown by any recorded proceedings of the company. But an action was afterwards brought by one Johnson against the last-named company, and a lien against the line was foreclosed, and a sale of the road had under the decree. The Iowa City & Western Railway Company hold under a conveyance from the purchaser at the foreclosure sale. We think this is a sufficient showing that the defendant and its lessor are the successors in interest of the Northern Iowa Central Railroad Company. It surely is sufficient in consideration of the fact that the last-named company failed to complete the line, and passed out of existence, and no one makes any claim adverse to the claim of the defendant.

*4. —: —: evidence of succession to rights of condemning company.*

V. It is next urged that any claim held by the defendant is barred by the statute of limitations. Upon this question the preponderance of the evidence is against the plaintiff. It is true, he testifies that no work was done on the right of way on his farm after 1867 until 1879, a period of more than ten years. But other satisfactory evidence shows that the work was prosecuted on the farm as late as November, 1869, which would make the period of non-user and abandonment less than ten years. Aside from this, the plaintiff is in no position to assert the statute of limitations, because he received

*5. —: —: non-user: statute of limitations: estoppel.*

the damages for the right of way, and in 1879 made an agreement with the Iowa City & Western Railway Company, under which that company went into possession, and with his consent finished the road, and operated it for more than three years and a half before he discovered that he ought to be again paid for the right of way. This action was commenced on the sixteenth day of May, 1883.

We think the decree of the court below ought to be

AFFIRMED.