Conrad Youngerman v. H. E. Long, Appellant.

**Counterclaim: PRACTICE.**   A landlord's attachment was quashed.   He
1  amended and asked foreclosure of his lease.   To this there was a counterclaim for the malicious suing out of the quashed attachment.   *Held*, it cannot be maintained, because the amendment is not the beginning of a new action and the right to sue on the matter involved in the counterclaim did not exist when the attachment action was begun.

**SAME.**   Whether an action for malicious prosecution in suing out
2  an attachment writ will lie before the determination of the main action, *quaere*.

*Appeal from Polk District Court.*—Hon. C. P. Holmes, Judge.

Wednesday, May 29, 1895.

Suit in equity to recover rent, and to foreclose a lien upon certain property created by a lease executed by plaintiff to defendant for certain office rooms in a building in the city of Des Moines. The district court sustained a demurrer to a counterclaim interposed by defendant, and defendant appeals.—*Affirmed.*

*Bishop & Wilcoxen* for appellant.

*Crom. Bowen* for appellee.

Deemer, J.—The action was originally commenced as one at law, to recover of defendant the rent reserved for a certain room in an office block in the city of Des Moines by a written contract of lease entered into between the parties on December 1, 1891. The lease provided, among other things, that plaintiff should have a lien upon all property of the defendant used or kept upon the premises, whether the same is exempt or not, for the rent due, or to become due, for the entire term of the lease. In the action, plaintiff asked a landlord's writ of attachment against all the property of defendant used or kept upon the leased premises, whether exempt from execution or not, and made the usual affidavit that the action was commenced for rent accrued within one year, for the premises, describing them. An attachment accordingly issued, which was levied upon the property of defendant used upon the leased premises. Defendant appeared to the suit, and filed a motion to quash the writ and to release the attached property, because the property was exempt to him, and because plaintiff had not pursued the proper remedy to enforce his lien, if any he had, upon the property. This motion was sustained on December 2, 1892, and the property was released from the attachment. Thereupon plaintiff filed an amendment to his petition, praying the foreclosure of the lien

created by the contract of lease, as a mortgage; and the cause was, upon plaintiff's motion, transferred to the equity calendar for trial, against the objections of the defendant. On the third day of January, 1893, defendant filed an answer and counterclaim, in which he admitted the execution of the lease, and his indebtedness thereunder, and further pleaded a counterclaim for damages done him by the alleged wrongful suing out of the writ of attachment. This counterclaim, as we understand it, is based upon the alleged wrongful and malicious suing out of the writ of attachment, and is in the nature of an action for malicious prosecution. The plaintiff demurred to this counterclaim upon several grounds, the substance of which was that it could not be pleaded in this suit, because the cause of action therein stated had not accrued at the time of the commencement of the action, and is not connected with the subject of the action; because it is admitted that plaintiff held a lien upon the property at the time of the commencement of the suit; because the counterclaim, if it be for trespass, pleads a cause of action against the sheriff, and not the plaintiff; and because the pleading, if it be for malicious prosecution, does not set forth a cause of action, because the original action was not determined at the time the counterclaim was filed. This demurrer was sustained, and the appeal is from this ruling. The counterclaim is in one count, and, if it charges anything, it is that plaintiff wrongfully and maliciously sued out the writ of attachment against the property of defendant, to his damage. It is, then, an action by defendant against plaintiff for malicious prosecution. And the question presented is, can it be pleaded as a counterclaim in the main suit?

Code, section 2659, omitting immaterial matters, provides: "Each counterclaim must be * * * (3) Any new matter constituting a cause of action in favor of defendant, * * * against the plaintiff,

* * * and which the defendant or defendants might have brought when suit was commenced or which was then held, either matured or not, if matured when so plead." This is the only statute authorizing such a claim as the one interposed. And the questions which arise are: Might the defendant have brought suit upon the matter set forth in his answer at the time this action was commenced? Or was the cause of action then held by defendant either as a matured or immatured claim?

It is clear that unless it be held that plaintiff waived and abandoned his original cause of action by filing the amended petition, and motion to transfer to the equity docket, the counterclaim was not properly pleadable. We do not think the filing of the amendment had this effect. The action was originally to recover the rent due from defendant, and to establish and enforce a lien against his property to satisfy the amount found due. True, plaintiff prayed for a landlord's writ of attachment, which was accordingly issued, and afterward quashed, and the property released, because the proper remedy was not adopted. But plaintiff thereupon, without setting forth any new facts, simply amended the prayer of his petition, and asked the enforcement of his lien in equity. This was not the commencement of a new action, nor the abandonment of the old. It may be that, as plaintiff did not appeal from the order releasing the attached property, it ought to be held that he abandoned the attachment, or that he can no longer insist upon it. Yet the attachment was a mere incident to this suit. It could not exist independent of the main action. It was long ago held in this state that it is not necessary to sue out an attachment to enforce a landlord's lien. *Bartlett v. Gaines,* 11 Iowa, 95. Hence the plaintiff did not abandon his cause of action, which was to recover the rent reserved, and to establish a lien

upon the defendant's property, simply because he filed an amendment to his petition, asking the enforcement of his lien in equity. It follows, therefore, that defendant's cause of action, whether it be for malicious prosecution, or in trespass, against plaintiff and the officer levying the writ, was not held at the time this action was commenced, but came into existence contemporaneously with it.

This holding renders a determination of the question as to whether an action will lie for maliciously suing out a writ of attachment before the main action is fully determined unnecessary. That it will is exceedingly doubtful, in view of what is said in *Branch of State Bank v. Morris,* 13 Iowa, 136. But, whatever may be the true rule in this respect, it is clear that such action cannot be interposed as a counterclaim in the main suit. The judgment and order of the district court are *affirmed.*