HERMAN STABER, Appellant, v. JOHN COLLINS and W. F. SEIBOLD, Appellees.

**Landlord and tenant:** JUDGMENT FOR RENT; GENERAL EXECUTION. A landlord may reach property on which his lien has attached, by a general execution issued on a judgment for the rent, unaided by attachment, though the property is in possession of a bona fide purchaser with knowledge of the lien.

*Appeal from Woodbury District Court.*—HON. G. W. WAKEFIELD, Judge.

WEDNESDAY, JULY 13, 1904.

THE defendant Seibold leased his farm in Woodbury county for the year 1899 to August and Otto Schachtschabel. Said lessees failed to pay the rent, and in December, 1899, Seibold commenced an action against them in justice's court, alleging in his petition the fact of such lease, the nonpayment of rent, and asking judgment for the amount' thereof; also that a landlord's lien be established against the property of the defendants used on said premises and not exempt from execution.  An attachment was not asked for, nor did one issue.  Upon trial Seibold had judgment for the amount claimed by him to be due as for rent, with costs.  Thereafter a general execution was issued on said judgment, and delivered to this defendant Collins, who is a constable, for service, and thereunder, by direction of Seibold, he levied upon and took into his possession the property now in controversy. At the time of such levy the property was in the possession of this plaintiff, and he brings this action to recover the same, alleging that he is the owner thereof, and that he acquired title by purchase from Otto Schachtschabel in September, 1899.  Upon the trial it was conceded that plaintiff had purchased and taken into his possession the property so levied upon at the time, and as claimed by him; and the good faith of the parties to such transaction is not made the subject of question.  Plaintiff admitted, however, that at the time of his purchase he knew that the property had been kept and used by Schachtschabel on the demised·premises, that such property was not exempt from execution, that the rent for the demised premises had not been paid, and that at the time of his purchase Seibold had the statutory lien on the property for the amount of rent due.  The trial resulted in a judgment dismissing the petition of plaintiff, and awarding costs to the defendant.  Plaintiff appeals.— *Affirmed* by divided court.

*Molyneux & Logan* and *Jepson & Jepson,* for appellant.

*Henderson & Friburg,* for appellees.

BISHOP, J.— Section 2992 of the Code provides that " a landlord shall have a lien for his rent upon all crops grown upon all the leased premises and upon any other personal property of the tenant which has been used or kept thereon during the term," etc.   In the succeeding section it is provided that " the lien may be effected by the commencement of an action   *   *   *   for the rent alone, in which action the landlord will be entitled to a writ of attachment upon filing *   *   *   a verified petition," etc.   It has been held that the word " effected," as used in section 2993, has the same meaning as the word " enforced."   *Nickelson v. Negley,* 71 Iowa, 546.   We are agreed that the lien granted by the statute is nothing more nor less than a right on the part of the landlord to resort by appropriate proceedings to the property of his tenant, subject to such lien, to satisfy his demand for rent due; and this to the exclusion of purchasers or incumbrancers whose rights have accrued subsequent to the time the lien attached.   Thus a creditor of the tenant cannot, by levy, acquire priority over the landlord's lien for rent (*Atkins v. Womeldorf,* 53 Iowa, 150) ; and the lien is superior to that of a chattel mortgage executed by the tenant covering property kept or used upon the demised premises (*Downie v. Christen,* 115 Iowa, 364).   So, too, one who purchases from a tenant property to which the lien has attached takes subject to the rights of the landlord (*Neeb v. McMillan,* 98 Iowa, 718; *Hays v. Berry,* 104 Iowa, 455), and the landlord, in case of such sale and purchase, may pursue and seize the property upon which he has a lien (*Richardson v. Peterson,* 58 Iowa, 724) ; or he may sue for its conversion (*Holden v. Cox,* 60 Iowa, 449; *Church v. Bloom,* 111 Iowa, 319).   As we have seen, the lien may be effected or " enforced " by the bringing of an action to recover the rent due.   The landlord is not bound to resort to an attachment for the preservation or enforcement of his lien.   He is entitled to the issuance of a writ if he asks therefor.   In effect this is the language of the statute.   See also, *Bartlett v. Gaines,* 11 Iowa, 95.

It is manifest that the record before us presents but one question for our determination: Was the property in question subject to seizure and sale under the general execution issued upon the judgment rendered in favor of Seibold, in view of the fact that plaintiff was a purchaser for value, and in possession of the property, but with full knowledge of the landlord's lien thereon? Upon this question the members of the court are equally divided in opinion. The writer, with whom concurs Chief Justice Deemer and Justice Sherwin, thinks that, inasmuch as it is the provision of the statute that a landlord's lien may be enforced by the commencement of an action at law simply for the rent alone, aided or not by a writ of attachment at his election, and as under the authority of *Mayer v. Bank,* 44 Iowa, 212, a special execution in such cases is not necessary, the levy should be upheld. If this be not true, then a landlord, as we think, must resort in all cases to an attachment — entailing all the costs and expense incident thereto — in order that he may enforce his lien as against property transferred either before or during the pendency of the action, the transferee having full knowledge of the existence of the lien. The result would be a practical denial of the right to proceed in all such cases to the enforcement of a lien in justice court. It would remit the landlord, irrespective of the amount of his claim, to a suit in equity to have his lien established and enforced. This, in our opinion, would be not only contrary to the spirit of the statute, but subversive of the plain provisions thereof. Moreover, it is clear to us that plaintiff has no rights, legal or equitable, which could be infringed upon by a seizure of the property in his hands under the execution. He bought with full knowledge of the lien, and knew that the property was subject, in his hands, to answer the demands of Seibold. Certainly he could not have resisted an attachment on the property, nor would he have had any standing in a court of equity to deny the rights of the landlord. As neither attachment nor foreclosure proceedings were necessary, we

fail to see how he can be heard to resist an execution issued upon the rent judgment, and intended to enforce the lien provided for by the statute.

The other members of the court, Justices Weaver, Ladd, and McClain, think that, inasmuch as the judgment for rent was a general one, and did not in any manner attempt or profess to declare or establish a lien in favor of the judgment plaintiff, nor designate or point out any specific property upon which execution might be levied, there was no authority for the levy made by the defendant Collins upon the property in question. Further, it is their thought that the execution, being general, authorized and directed the officer to seize and sell the property of the judgment defendant, and such only; that it afforded no justification for a levy upon the property of a third person, who was not a party to the proceeding upon which the judgment was founded, and whose rights had not been in any manner determined, under the pretense or claim of a lien which had not been adjudicated or estabished; that such levy would be clearly in excess of the command of the writ, and would render the officer a trespasser.

Accordingly, and pursuant to Code, section 195, the judgment of the trial court will stand AFFIRMED.