IOWA BRICK MFG. CO. v. O. P. HERRICK, Appellant, AND OTHERS.

Contracts: SEVERABILITY. A contract to furnish brick for paving
1  purposes, payments to be made monthly for those furnished during the month, is severable, and failure to pay an install-ment will not release the seller from the contract.

Election of remedies. In an action for the price of brick sold for
2  sidewalk purposes, notice to the manufacturer in effect that the contractor would purchase brick elsewhere and charge the difference in cost to the manufacturer, he having failed to fur-nish the same according to contract, was not an election of remedies constituting a waiver of the contractor's right to re-cover damages upon the contract other than the difference in the cost of the brick.

Breach of contract: DAMAGES. Where a manufacturer failed to fur-
3  nish a contractor with brick for the construction of walks as agreed, the contractor was entitled to recover as his damage the difference between the contract price and what he was com-pelled to pay elsewhere, on such walks as he had built or was directed by the city to build under his contract, but not upon such walks as he might have procured orders to construct.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

THURSDAY, MARCH 9, 1905.

THIS suit was brought to recover the agreed price for brick sold and delivered to the defendant, Herrick, under

a written contract. In a counterclaim Herrick alleged a breach of the contract, and asked damages for a failure to deliver brick as agreed therein. There was a trial to a jury, and a verdict for the plaintiff for the amount of its claim less the damages found due the defendant on his counterclaim. Both parties appeal. The defendant will be designated the appellant.—*Affirmed.*

*J. K. Macomber,* for appellant.

*Bailey & Stipp,* for appellee.

SHERWIN, C. J.— The plaintiff undertook to furnish the defendant during the season of 1902, sidewalk brick of a specified kind and quality, which were to be delivered at such times and places as should be designated by the defendant; and the defendant agreed to pay therefor $9.15 per thousand. The brick delivered in April were to be paid for in cash on the 1st day of July, those delivered in May were to be paid for on the 1st day of August, and payments were to be made on the 1st day of each succeeding month thereafter during the life of the contract. The appellant did not pay as he had agreed to do, but notified the plaintiff that the brick furnished him were not of the kind and quality contracted for, and that the city had refused to accept them, and had refused to pay for his work. There was evidence tending to show that the plaintiff conceded the inferior quality of the brick, and consented to defer payments therefor until the matter had been adjusted with the city. After this, however, the plaintiff refused to further furnish brick until those already delivered were paid for, and thereupon the appellant, on the 22d day of September, 1902, notified the plaintiff as follows: "You having refused to furnish brick for further use in sidewalks as provided in your contract made in 1902, this is to notify you that I shall at once proceed to purchase brick elsewhere at the best rates I can get.

1. CONTRACTS: severability.

for sidewalks which must be built, and charge the same to your account." As a matter of fact, the appellant did purchase some brick of others, but he was unable to procure the desired quantity, and in his counterclaim he asked to recover the difference in the price paid for the brick so bought and his contract price with the plaintiff, and, further, for the profits that he would have realized on his contracts with the city had the plaintiff furnished the brick required to do the work. The appellant was allowed the damages first mentioned and a part of his other claim. The appellee contends that upon the appellant's refusal to pay according to the contract there was a breach thereof, which released it from further obligation to furnish brick and from liability for damages therefor. The contract in this case cannot, however, be distinguished from those in the cases to which we shall presently refer, and under the rule there announced it was severable, and a refusal or failure to pay an installment due did not release the appellee from its contract. *Myer & Dostal v. Wheeler & Co.,* 65 Iowa, 390; *Osgood v. Bauder & Co.,* 75 Iowa, 550; *Hansen & Linehan v. The C. S. Heating Co.,* 73 Iowa, 77.

The plaintiff attempted to show that the appellant was unable to pay for the brick which had been furnished him because of his financial condition, but there was no issue of this kind in the case, and the testimony was properly rejected.

The plaintiff contends that the notice served on it, stating that the appellant would purchase brick elsewhere, and charge the difference in the price thereof to it, in case of a further refusal to comply with its contract, was 2. ELECTION OF REMEDIES. an election of remedies on the part of the appellant, and a waiver of any other measure of damages. But with this proposition we are unable to agree. If it be conceded that the notice related to a remedy within the legal meaning of the term, it is evident from the record that it did not constitute such an election of remedies as to

bind the appellant. In the first place, the appellant had before this time served on the plaintiff a notice that, if brick were not furnished according to the contract, he would hold it liable for all damages suffered on account thereof, and stating further therein that he would try to buy brick elsewhere. The effect of the two notices was to notify the plaintiff that the appellant would purchase brick of others, if possible, but that, in any event, it would be held for all damages suffered by a breach of the contract. The doctrine of the election of remedies is founded on the principle that a man may not take two contradictory positions which are so inconsistent that the assertion of one necessarily repudiates the other, when he has actual knowledge of all the facts or the means of knowing them. *Elevator Co. v. U. P. Ry.*, 97 Iowa, 719. And, furthermore, the record fairly shows that at the time of the claimed election the appellant supposed, and had reason to believe, that he could procure the necessary brick of others, and it is conclusively shown that he was unable to procure them on the market. It was his duty to buy elsewhere, if possible, and the measure of his recovery would then be the difference between the price paid and the contract price. But it is well settled, and conceded by the appellee, that, if goods to be used for specified purposes cannot be bought on the market, a recovery may be had for the reasonable profits lost by a breach of the contract. *Boies & Barrett v. Vincent,* 24 Iowa, 388; *Richmond & Jackson v. The Ry. Co.,* 40 Iowa, 264; 33 Iowa, 422; *Manville v. Tel. Co.,* 37 Iowa, 219.

The appellant therefore did nothing more, in effect, than to notify the plaintiff that he would do what the law required him to do — that is, purchase brick on the market, if he could; and he did not thereby waive the right to another measure of damages if he was unsuccessful. He might, as he did in fact, buy some brick on the market, and still be unable to secure the quantity that the plaintiff had undertaken to furnish him. Hence his claim for profits on

the work he was unable to do because he could not get the brick was not so inconsistent with his notice as to preclude a recovery therefor. The general rule of estoppel is not applicable, because the plaintiff did not claim that it relied on the alleged election, but, on the contrary, it conclusively appears that its refusal to furnish more brick was because of the defendant's failure to pay for those already furnished. The appellant recovered the profits on 78,000 feet of walk which he was unable to build for want of brick and the difference between the price he was to pay and the price paid for the brick bought on the market, and these damages he was clearly entitled to. The amount allowed as profits is probably too large by a few dollars on account of the wages paid by the appellant to Campbell, but it is so small that we shall not disturb the judgment on account thereof.

The appellant also contends that he should have been allowed the profits on a much larger amount of work that he was unable to do, and that the court erred in excluding testimony tending to prove that his contract

3. BREACH OF
   CONTRACT:
   damages.

with the city provided for that particular work. The city, by ordinance, provided for the building of sidewalks of either brick or cement, and the appellant's contract therewith was for brickwork only. By the terms thereof he was to commence work at the time fixed by written order of the board of public works, and not until such order was issued. The procedure was as follows: Where walks were ordered, the property owner was given ten days' notice thereof, and that the walk must be of either brick or cement; and further, that if he failed to build the same, it would be built by the board of public works of one of such materials, and the cost thereof assessed against the property. Upon failure of the property owner to comply with the order, a written notice was given to the contractor to go ahead and construct the walk; the board having determined whether it should be of brick or of cement. The appellant was permitted to show the notices or orders

actually issued to him by the board, and was allowed profit for the work which he might have done thereunder had he been supplied with brick. But the court rejected testimony offered tending to show that other notices or orders would have been issued to him had he called for them, and also rejected the notices which had been served on the property owners requiring them to build, and held that the appellant's contract with the city did not authorize him to build walks until notices were issued to him by the board of public works. We think the ruling correct. The appellant's contract with the city was general in its terms, and only provided that he should build such walks as were ordered constructed of brick, and not those until he received a written order therefor. His contract did not specify the amount of work he was entitled to thereunder, and it was optional with the board of public works whether walks should be of brick or cement. It was therefore a proper requirement that the contract should cover no work that he was not ordered in writing to construct. Unless he was ordered to do specified work, he had no right to do it, or to the profits that might accrue therefrom; and hence it was immaterial whether he might or might not have procured such orders had he asked for them. They were not in fact issued, and the appellant cannot be permitted to speculate on chances at the expense of the plaintiff. The item of interest allowed the appellant on the difference in price of brick is offset by the interest allowed the plaintiff on its full claim, and we shall not further notice the matter.

There was no error in the apportionment of the costs, and the judgment is affirmed on both appeals.— *Affirmed.*