C. W. BOLES, Appellee, v. MISSOURI VALLEY ELEVATOR COMPANY, Appellant.

**ELECTION OF REMEDIES:** Non-Inconsistent Proceedings. The act of a landlord in attempting to collect rent from the tenant's estate, and, after failure, proceeding against one who had converted property upon which the rent was a lien, is entirely consistent and non-prejudicial to the conversioner.

**BANKRUPTCY:** Exclusiveness of Jurisdiction of Bankruptcy Court. Bankruptcy proceedings against one who was a tenant is no obstacle to proceedings in the state courts by the landlord against one who has converted property upon which the rent was a lien.

*Appeal from Harrison District Court.*—O. D. WHEELER, Judge.

APRIL 11, 1918.

ACTION for damages for conversion of corn upon which the plaintiff claimed to have a landlord's lien. There was a verdict for plaintiff, and the defendant appeals.—*Affirmed.*

*Cochran & Wolfe,* for appellant.

*H. L. Robertson,* for appellee.

EVANS, J.—The defendant was engaged in the business of buying grain. In December, 1914, it bought from Auwater 547 bushels of corn, and paid him therefor. Auwater

1. ELECTION OF
REMEDIES:
non-incon-
sistent pro-
ceedings.

was a tenant of the plaintiff's, and had raised the corn upon the plaintiff's farm. Auwater was indebted to the plaintiff for rent thereon, in a much larger sum than the value of the corn in question. The fact of the purchase of the corn is not disputed; neither is the quantity thereof, nor the price. Two defenses were interposed:

(1) That Auwater was not in fact owing rent to the plaintiff, because the plaintiff was owing Auwater for work and labor done, in excess of the amount owing by Auwater; and that Auwater was authorized by the plaintiff to sell said corn and to pay himself with the proceeds thereof, in extinguishment of the indebtedness due him from the plaintiff.

(2) That, after the alleged conversion, Auwater was adjudged a bankrupt, and that the plaintiff filed against him his claim for rent, and that he did not disclose therein any alleged claim for damages for conversion against this defendant.

As to the first defense, there was no evidence to sustain the same, and it may be disregarded. As to the second, it is the theory of the appellant that there is some inconsistency involved in the claim presented by plaintiff before the referee in bankruptcy for the rent due him from Auwater, and his present claim for damages from the defendant for the conversion of the corn. It was to the interest of the defendant that the plaintiff should pursue the bankrupt and obtain collection from him, if possible. If he had collected all of his rent from the bankrupt, it would have extinguished his claim for damages for the conversion. He tried to do so, and failed. Thereupon, he brought this action against the defendant for damages for the conversion..

His conduct was entirely consistent and clearly beneficial and not prejudicial to the defendant.

It is argued by the appellant, however, that the proceedings in bankruptcy operated as a bar to all proceedings in the state courts. That is true only as to proceedings against the bankrupt. The defendant was not the bankrupt. The plaintiff could not prosecute its action against him in the bankruptcy court. The action was properly brought in the district court. Nor was it waived by plaintiff's attempt to collect from the real debtor. The judgment below is—*Affirmed.*

2. BANKRUPTCY: exclusiveness of jurisdiction of bankruptcy court.

PRESTON, C. J., LADD and SALINGER, JJ., concur.