Midwest State Bank, Appellee, v. G. F. Struble, Appellant.

**TRIAL:** Dockets, Lists, and Calendars—Transfer of Causes. A case in which all issues can be fully tried and protected in equity should be tried in equity. So held in an action on a promissory note given for part of the purchase price of real estate, where a vendor's lien was claimed.

*Appeal from Monona District Court.*—A. O. Wakefield, Judge.

FEBRUARY 12, 1924.

ACTION on a note. By amendment to the petition, to which no objections were filed, plaintiff alleged that the note was given for a part of the purchase price of certain real estate, and claimed a vendor's lien. It asked judgment for the amount of the note, and for a decree establishing and foreclosing its vendor's lien, and for general equitable relief. Defendant alleged fraud in the execution of the note, denied that plaintiff was a holder in due course, and alleged that the note was given as a part of the purchase price for a tract of land, and that there were false representations as to the value and condition of the land. Defendant also pleaded that plaintiff had waived its right to a lien. Plaintiff moved to transfer the cause to the equity side of the calendar. Before the motion was heard, it was agreed that the motion should apply to the issues pending after the filing of plaintiff's amendment to petition and defendant's answer thereto. The motion was sustained. Defendant appeals.—*Affirmed.*

*Prichard & Prichard,* for appellant.

*A. W. Johnson, C. E. Underhill,* and *Harry H. Miller,* for appellee.

PRESTON, J.—Appellant says in argument that it seems idle to cite authority on the proposition, because the court has so recently passed upon the questions presented. However, they cite *Security Sav. Bank v. Hambright,* 195 Iowa 1147. That case was tried out as an equitable action. In closing the opinion, the court said it was unable to understand on what theory the suit was brought and maintained as an equitable action; that it was a simple action for recovery upon a promissory note,—an action at law; that the defense neither pleaded nor tendered an equitable answer; that there was no evidence on the trial to support an allegation in the petition as to the lien. In that case, there was no motion to transfer, or ruling thereon. It is not an authority in this case. In the instant case, there has been no trial. It was transferred to the equity calendar for trial.

Appellant's next proposition is as to the right of trial to a jury when there are equitable issues. On this they cite *Lynch v. Schemmel,* 176 Iowa 499; *Freise v. Edwards,* 197 Iowa 222, and like cases; Code Section 3435. The statute cited provides for the trial of certain cases in equity (not at law), and that under some circumstances a *defendant* may have all issues tried as in equity. Defendant was not asking a trial in equity. In the instant case, all issues can be fully tried and protected in equity. Under the circumstances, it is unnecessary to determine whether, in a proper case, a fact question should be submitted to a jury in an equitable action.

In the *Lynch* case, it was the *defendant* who was asking that the cause be transferred to equity because of issues set up in its answer and cross-petition, supposed to raise equitable issues. Plaintiff brought his action at law, and was resisting the transfer to equity. It was held that a mere prayer of a cross-petition for equitable relief, in an action properly commenced at law, does not, of itself, give the pleader a right to a transfer to equity. The issues presented by the cross-petition were want of consideration and duress, and the prayer was for cancellation. Transfer to equity was refused, and the order of the trial court setting the case to be first tried upon the equitable issues was reversed.

*Freise v. Edwards* is not in point, as an examination of the case will show. It was there held that the error in the ruling on such a motion, if it was erroneous, was in the first ruling, and that it was waived by repeated amendments which did not change the issues.

The instant case is very much like *State Bank v. Brown,* 142 Iowa 190, 195, where plaintiff brought his action upon a note, and afterwards amended the petition, asking the establishment and foreclosure of a vendor's lien. We said:

"This could not be done in an action at law, and there was no error in ordering a transfer upon the issues as they stood after the filing of the amendment to the petition. * * * Courts of equity, and not those of law, have jurisdiction to foreclose vendors' liens."

Appellee contends that courts of equity have exclusive jurisdiction of actions to foreclose a vendor's lien. They cite

Code Sections 3427, 3435; *Schafer v. Schafer,* 75 Iowa 349.   In the last mentioned case, plaintiff brought the action in equity, to enforce an equitable lien.   Defendants moved to transfer the case to the law docket.   The court held that their motion to transfer was properly overruled, and that the action was rightly brought and prosecuted in chancery.

In *Twogood v. Allee,* 125 Iowa 59, 61, two actions with the same title were brought: one at law and the other in equity.   On defendant's motion, they were consolidated and tried in equity as one.   It is unnecessary to now state the issues in each.   We said:

''The order for consolidation and the denial of a jury trial were manifestly proper.   The parties were the same, the issues practically identical, and a court of equity could alone grant *complete* relief.   The equitable issues were such as to dispose of the entire controversy.   Had the law issues been first tried, the result would not have been conclusive of all the equitable issues tendered.   But equity could dispose of the entire matter. * * * The cases relied upon by appellant are not in point.   His argument is based upon the thought that, if the issues are of fact, the case is necessarily for a jury.   But this is not true. Issues of fact may arise in an equity suit. * * * After the consolidation of the two cases, which was manifestly proper, the entire case could be disposed of by a chancellor.   Had the case been submitted to a jury upon issues of fact which it could properly consider, there would yet have remained equitable issues to be disposed of.   Under such circumstances, it was proper to try the entire case as in equity.''

We think it is a matter of some importance, as bearing upon the correctness of the court's ruling, that the parties agreed that the motion to transfer was to apply to the issues as pending after the amendment to the petition had been filed.   At that time, the action stood as an action in equity, and was such that all the questions presented could be fully determined in equity. All that was necessary was to transfer it to the equity calendar. It may be conceded that, in the instant case, had the issue as to the liability on the note been first tried at law, and had defendant been successful, it would have ended the case.   But if plaintiff was successful, then the equitable issue would have

to be tried out as to whether plaintiff was entitled to a lien for the amount of the note, and recovery. All these questions could be determined in equity. We held, in *Tinker v. Farmers St. Bank,* 178 Iowa 972, 984, that the law and equitable issues were clearly *separable,* but at page 982, we quoted from *Morris v. Merritt & Co.,* 52 Iowa 496:

"In some of these cases it is said that the equitable issues should be first tried. This course, we presume, should be pursued when the trial of the equitable issue in a certain event would dispose of the case: But if the trial of the law issue would, in the event of a verdict for one of the parties, render a trial of the equitable issue unnecessary, in that case the issue at law should be first tried. The issue, either equitable or at law, should be first tried which may result in rendering a further trial unnecessary. This rule is supported by reasons based upon the economical and speedy administration of justice. If a single trial will dispose of a case, the law will not permit another. If the disposition of one issue may finally settle the rights of the parties, it should be first tried, to the end that further proceedings may be dispensed with."

We are of opinion that the ruling of the trial court was right, and it is—*Affirmed.*

ARTHUR, C. J., EVANS and FAVILLE, JJ., concur.