W. S. PICKLER, Appellant, v. MAYME L. LANPHERE et al.,
Appellees.

No. 40067.

NOVEMBER 21, 1929.

REHEARING DENIED FEBRUARY 15, 1930.

*Chester J. Eller,* for appellant.

*R. R. Nesbitt* and *Clarence I. Spencer,* for appellees.

KINDIG, J.—On September 16, 1925, the plaintiff-appellant, W. S. Pickler, in writing leased to Mabel Scanlin and the defendant-appellee Mayme L. Lanphere a room for restaurant  purposes at 1173 West Twenty-fifth Street, Des Moines. Those lessees entered the premises and conducted the restaurant business therein from September 16, 1925, until July 31, 1928. At that time, the said lessees, Mabel Scanlin and appellee Mayme L. Lanphere, assigned said written lease to Esther Robertson and the defendant-appellee Carlotta Gilson-Nikirk. So the appellees herein consist of one lessee and one assignee. That assignment was approved by the appellant landlord. When so doing, however, the appellant made the following reservation:

"The undersigned lessor hereby consents to the above assignment, waiving none of his rights under said lease as to lessees or assigns."

After the transfer above named, the assignees operated the restaurant until sometime in March, 1929, at which time they abandoned the project, and left the fixtures and furnishings in the room aforesaid. This was done, however, without the approval of appellant, and before the expiration of the lease. Rent was due, and on May 4, 1929, the appellant, as plaintiff, commenced his action at law, to recover the rent then due. The proceeding was aided by a landlord's attachment. Carlotta Gilson-Nikirk, an appellee, defaulted, and judgment was duly entered against her. Such judgment, however, has not been paid. Mabel Scanlin, lessee, and Esther Robertson, assignee before named, were not made parties to the action, because both had moved away. Appellee Mayme L. Lanphere appeared and answered.

In addition to a general denial, this appellee contended that, at the time the lease was assigned, the appellant orally waived his landlord's lien on the personal property used in the

restaurant, and agreed to look solely to the assignees for future rents. Continuing her theory of defense, appellee Lanphere says that said personal property, with appellant's acquiescence, was sold by her to assignees under a conditional bill of sale. Hence she maintains that such property belongs to her, appellant having waived his lien thereon, and the assignees not having paid the purchase price. Accordingly, sometime in June, 1929, the cause was tried to a jury, and at the end of the evidence, the municipal court directed a verdict for appellant. Thereafter, within due time, appellee's motion for a new trial was granted. Following this, appellant, on July 1, 1929, amended his original petition by pleading the contractual lien afforded him by the express terms of the written lease, and prayed the foreclosure thereof. As an auxiliary to that relief, appellant asked for the appointment of a receiver, to take charge of and preserve the personal property and rent the premises equipped for restaurant purposes, in order that appellee's damages might be minimized. Appellant proceeded with the explanation that the property thereby could be the more readily sold because a buyer would pay more for the same when it was part of a going concern. Through a second amendment, the appellant withdrew his claim for personal judgment against the appellee Lanphere. Delay would follow because there was no jury during the summer months, and consequently appellant asked for the equitable relief.

An answer to appellant's amendments was filed by the appellee Lanphere. Therein she did not plead the waiver of the contractual lien, as she had pleaded the relinquishment of the statutory lien in the law action. Six propositions are stated in her answer, as defenses to appellant's equitable proceeding, chief among which is that the appellant had previously elected his remedy. To put the thought in another way, appellee Lanphere answered that appellant, because of the previous attempt to collect the rent through a landlord's attachment, could not subsequently mend his hold and thereby seek to foreclose the contractual lien afforded by the written lease. A motion was made by appellant to try the equitable issues first; and, acting thereon, without objection from the appellee Lanphere, the municipal court sustained the same, and fixed the date for hearing. Upon the time thus set, both parties appeared in court,

and a trial was had, and witnesses were produced and examined. Succeeding the introduction of evidence, the appellee Lanphere moved the court for a directed verdict. Basis for that verdict was the alleged election of remedies before described. Thereupon the municipal court sustained appellee Lanphere's motion, directed a verdict in her favor, dismissed appellant's amendment, and denied the receiver. All that was done, as announced by the court, because appellant had previously elected another remedy. About this appellant seriously maintains the court was mistaken. Such is the problem.

I. If a remedy has been adopted, generally speaking, another one inconsistent therewith will not be permitted. *Boysen v. Petersen,* 203 Iowa 1073. This doctrine, however, does not prevent the use of another coexistent and consistent remedy. It is said in *Austin Mfg. Co. v. Decker,* 109 Iowa 277 (page 281):

"The whole doctrine of election is based upon the theory that there are inconsistent rights or remedies of which a party may avail himself; and a choice of one is held to be an election not to pursue the other. The principle does not apply to coexistent and consistent remedies."

Likewise, the following language was used in *Zimmerman v. Robinson & Co.,* 128 Iowa 72:

"Let us first consider what is meant in law by 'an election of remedies.' It not infrequently happens that for the redress of a given wrong or the enforcement of a given right, the law affords two or more remedies. Where these remedies are so inconsistent that the pursuit of one necessarily involves or implies the negation of the other, the party who deliberately and with full knowledge of the facts invokes one of such remedies is said to have made his election, and cannot thereafter have the benefit of the other. To the proper application of this rule, at least three things are essential: (1) There must be in fact two or more concurrent remedies between which the party has the right to elect; (2) the remedies thus open to him must be inconsistent; and (3) he must, by actually bringing his action, or by some other decisive act, with knowledge of the facts, indicate his choice between these inconsistent remedies."

With that standard as a test, we will proceed to determine whether appellant in the case at bar chose an inconsistent remedy.

II. There may be a suit for rent without a landlord's attachment, for the attachment is merely an aid to the principal proceeding. Hence the suit for rent is the principal action, and the attachment is merely auxiliary thereto. Through the attachment the property is sequestered and held by the proper officer, in order that a future judgment may be satisfied therefrom through a special execution. Yet the statutory lien is not created or acquired by the attachment. This lien is given by statute, regardless of the landlord's attachment. The landlord's attachment is merely a name for the statutory process provided for enforcing the statutory lien. So there is a distinction between that process and an ordinary general attachment by a creditor who has no lien when his suit is brought. Such general attachment is not issued for the purpose of enforcing an existing lien, but rather, the seeker therefor obtains a lien through the general attachment itself. Then there is a distinction in this regard between the general attachment and the landlord's attachment; for the landlord had no greater lien after the levy of his attachment than he had before. Statutory provisions, rather than the levy of an attachment, brought forth the lien. Therefore, the landlord's lien being created by statute, it is the suit for rent in the case at bar, and not the attachment, that constitutes the action. *Youngerman v. Long,* 95 Iowa 185; *Merrit v. Fisher,* 19 Iowa 354; *Bartlett v. Gaines,* 11 Iowa 95; *Citizens' Sav. Bank v. Wood,* 134 Iowa 232.

III. Resultantly, the suit for rent being the action, there was no inconsistency in the adoption of the auxiliary remedies herein sought. Obviously, appellant had two liens, one statutory, and the other contractual. Each was an aid to the suit for rent. Primarily, appellant sought to collect rent. When doing so, he had a right to avail himself of any enforcible lien. Consequently, it was not for the appellee Lanphere to say which lien should be chosen by appellant, nor could appellee object to the enforcement of both, under proper circumstances.

Inconsistency does not appear in appellant's endeavor to avail himself of these liens. Consistency, rather than inconsistency, is the result thereof. Both liens, in a way, are security

for the rent, and it is rent that appellant seeks to obtain. Many available liens may be enforced or foreclosed for the collection of a single debt, provided that there is no special prohibition. Here no prohibition exists, and it is proper for appellant to amend his petition and ask for the equitable redress. For authority upon the general subject relating to such amendment, see *Bartlett v. Gaines* (11 Iowa 95), supra; *Merrit v. Fisher* (19 Iowa 354), supra; *Youngerman v. Long* (95 Iowa 185), supra; *Austin Mfg. Co. v. Decker,* 109 Iowa 277; *Staber v. Collins,* 124 Iowa 543; *Iowa Brick Mfg. Co. v. Herrick,* 126 Iowa 721; *Zimmerman v. Robinson & Co.* (128 Iowa 72), supra; *Citizens' Sav. Bank v. Wood,* 134 Iowa 232; *Denecke v. Miller & Son,* 142 Iowa 486; *Farmers Loan & Tr. Co. v. Brown,* 182 Iowa 1044; *Boles v. Missouri Valley Elev. Co.,* 183 Iowa 517.

IV. Further complaint is made by the appellee Lanphere because the legal issue was not tried first. No demand for such  priority of trial was made by that appellee. Rather than interposing objection to the trial of the equitable issue first, this appellee answered thereto, and went to trial thereon without exception. Section 10947 of the 1927 Code provides:

"Where the action has been properly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings."

Thus, under the statute, appellant was entitled to have settled in equity those controversies relating to the lien foreclosure and the appointment of a receiver. See *Midwest State Bank v. Struble,* 197 Iowa 304.

By that conclusion, appellee Lanphere is not wrongfully deprived of a jury trial. If, after the proceeding in equity, the dispute is not ended, and it is necessary to continue with the suit at law, the appellee herein can have a jury pass upon all fact questions remaining for the law action. *Midwest State Bank v. Struble* (197 Iowa 304), supra; *Twogood v. Allee,* 125 Iowa 59; *Marquis v. Illsley,* 99 Iowa 135; *Marling v. Burlington, C. R. & N. R. Co.,* 67 Iowa 331.

V. As previously related, appellee Lanphere submitted a motion for a directed verdict after the appellant had introduced his evidence. Such motion is not allowed in equity. The reason therefor is that equity proceedings are  triable *de novo* in this court. Necessarily, then, the record must include all the testimony. Otherwise, a final decision could not be reached by the Supreme Court. Regarding this subject we said, in *Coen & Conway v. Scott County Sav. Bank*, 205 Iowa 483:

"The practice in the district court of presenting a motion to dismiss plaintiff's case at the close of his evidence is not to be commended in an equity case, and should be deemed perilous procedure. In obtaining a favorable ruling in such a case, the defendant closes the door upon himself against the introduction of further evidence. If we should disagree, on appeal, with the ruling of the district court on the motion, our finding would have to be final, and the defendant might find himself defeated for want of producing the evidence that might have saved him."

In the case at bar, we are confronted with a record setting forth appellant's evidence, without any testimony for the appellee Lanphere. So, under the circumstances, we must hold that she made a general submission of her case. Upon a consideration of appellant's evidence, we are constrained to hold that he established his written lease, proved unpaid rent due thereunder, supported the contractual lien, and consequently is entitled to a judgment *in rem*, as prayed, and a foreclosure of the lien named in the lease, for the purpose of satisfying the debt. Avoidance of that result is not sought by appellee on the theory that the municipal court did not have jurisdiction in equity to foreclose the lien and appoint a receiver; but rather, her theory in the trial court was that appellant had previously selected an inconsistent remedy which barred the present action. The municipal court is, therefore, directed to enter a judgment and decree in harmony with this opinion.

VI. A receiver was denied by the municipal court, for the reason, as explained by the judge, that the appellant had previously elected a remedy by landlord's attachment. Error appears here, as shown in the foregoing discussion; for the

election of the other remedy, in and of itself, would not be enough to prevent the receivership. Whether or not the appellant is entitled to a receiver, then, must depend upon the facts and circumstances existing at this time, independent of said election. Further evidence may be introduced upon this subject, if desired.

Wherefore, the judgment of the municipal court is reversed, and the cause remanded.—*Reversed and remanded.*

ALBERT, C. J., and EVANS, FAVILLE, and DE GRAFF, JJ., concur.