C. A. FREISE, Appellant, v. GLENN EDWARDS et al., Appellees.

**TRIAL: Transfer of Cause—Waiver.** An exception to an order transferring an action from equity to law is waived by repeatedly pleading over, *but without change in the original issues.*

*Appeal from Monona District Court.*—C. C. HAMILTON, Judge.

NOVEMBER 20, 1923.

REHEARING DENIED FEBRUARY 8, 1924.

THE opinion sufficiently states the nature of the case.— *Affirmed.*

*C. E. Cooper,* for appellant.

*Prichard & Prichard,* for appellees.

PER CURIAM.—The plaintiff, entitling his petition in equity, alleges that in March, 1921, he orally leased certain land to Glenn Edwards and Richard Edwards upon terms by which said tenants agreed, as rental therefor, to pay and return to plaintiff one half of all wheat raised thereon and two fifths of all oats and corn raised on the leased premises, said rental shares to be delivered to the plaintiff at the town of Whiting, Iowa, and to further pay cash at the rate of $4.00 per acre for pasture and hay land, and also to pay the sum of $2,165.16 for seed wheat furnished by the plaintiff. He alleges that said tenants raised on the rented land large quantities of grain, of which they refuse to deliver the land's share, and that they are chargeable with neglect and waste. He further alleges that the defendants McClatchey make some claim of right or interest in the grain raised on the leased premises. He asks that his landlord's lien be established, and held superior to any and all claims by the defendants; that they be enjoined from removing or disposing of said grain; and that a receiver be appointed to harvest and prepare the crops for market and make sale of the same.

The defendants demurred to the petition, and the demurrer was sustained. Thereafter, plaintiff filed an amended petition, which was, in substance, a repleading of the matter contained in the first pleading. Defendants then answered, denying the plaintiff's claim for seed wheat furnished, and setting up a counterclaim for plowing done at plaintiff's request. They also moved for a transfer of the action to the law calendar, which was sustained. After a delay of several months, plaintiff twice amended his petition, and then moved to retransfer the case to equity. This motion was denied; and plaintiff, refusing to plead further, appealed from said ruling.

We think that the record presents no reversible error. The successive amendments to the petition neither add to nor change the essential features of the pleading. They are substantial repetitions of the matters first alleged, and if any error was committed, it was in the original or first ruling on the motion to transfer. Instead of standing upon his exception, the plaintiff

waived it by pleading over and attempting to avoid its effect by amendment.

It follows that the ruling appealed from must be—*Affirmed.*